**Darnell JENKINS, Petitioner–Appellant,**

v.

**Richard GRAMLEY, Warden, Pontiac Correctional Center, Respondent–Appellee.**

No. 93–1228.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1993.

Decided Oct. 25, 1993.

John H. Maville, Belvidere, IL (argued), for petitioner-appellant.

Martha E. Gillis, Office of Atty. Gen., Chicago, IL (argued), for respondent-appellee.

Before FLAUM, EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Darnell Jenkins is serving a term of 30 years' imprisonment for the robbery and murder of Joshua Beasley in 1980. The jury concluded that Jenkins and Arthur Martin set upon Beasley, robbed him, and then bashed him on the head with a pipe because he had denied having any money. Leaving a trail of blood, Beasley crawled back to his apartment, where he died of a heart attack. At trial a physician testified that, although a healthy person probably would have survived the blows, Beasley, with a history of cardiac problems, could not. Jenkins fired his retained trial lawyer, and an appellate defender represented him on appeal. The appellate court affirmed, *People v. Martin*, 112 Ill. App.3d 486, 68 Ill.Dec. 151, 445 N.E.2d 795 (1st Dist.1983), although it vacated as redundant two sentences that ran concurrently with the murder conviction. Among the claims the appellate court considered and rejected: that Jenkins' lawyer had furnished ineffective assistance at trial.

Jenkins sought review by the Supreme Court of Illinois, omitting any ineffective-assistance argument—deliberately, he says, in order to set up a petition for post-conviction relief. The state's highest court denied the petition for leave to appeal. Represented by the public defender's office, Jenkins pursued a petition for collateral relief in the state's court of first instance. That court dismissed the petition on the merits. In-

stead of taking an appeal, Jenkins sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254. Again he lost, this time on dual grounds: forfeiture by neglecting to present the claim to all levels of the state judiciary, and the merits.

■ The district court concluded that Jenkins defaulted his claim of ineffective assistance by failing to present it to the Supreme Court of Illinois. See *Simmons v. Gramley*, 915 F.2d 1128 (7th Cir.1990); *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985). This would indeed be fatal, except that the state court considered a collateral attack on the merits. Illinois permits prisoners to present ineffective-assistance claims collaterally, despite failure to pursue them on direct review, when they depend on facts outside the original record. *Perry v. Fairman*, 702 F.2d 119 (7th Cir.1983) (collecting Illinois cases). Cf. *Guinan v. United States*, 6 F.3d 468 (7th Cir.1993). Procedural default in cases under § 2254 depends on state law. Although some language in *Nutall* and other cases from this circuit implies that failure to pursue a claim through all levels of the state judiciary is a *federal* bar to review, the Supreme Court's more recent decisions show that state law alone is the basis of forfeiture in cases under § 2254. A default supplies an independent and adequate state ground for the judgment, so that questions of federal law no longer affect the outcome. *Coleman v. Thompson*, — U.S. —, — —, 111 S.Ct. 2546, 2563–66, 115 L.Ed.2d 640 (1991); *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). This implies that when the final state court to consider a case acts on the merits of the federal question, without simultaneously asserting an independent state ground of decision, *Harris*, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10, the federal issue remains (potentially) dispositive and is open to review under § 2254. See *Ylst v. Nunnemaker*, — U.S. —, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). The state court to which Jenkins presented his post-conviction petition rejected his ineffective-assistance claim without giving forfeiture as a ground. His failure to present the claim to the Supreme Court of Illinois on direct appeal accordingly does not affect his petition under § 2254.

■ Jenkins' failure to appeal from the order denying his petition for post-conviction relief is a different matter entirely. Illinois treats a failure to appeal as a procedural default barring further review. "It is clear that a defendant's failure to appeal the dismissal of a post-conviction petition, coupled with the doctrines of *res judicata* and waiver, ordinarily bars further consideration of all claims which could have been raised." *People v. Core*, 48 Ill.2d 544, 272 N.E.2d 12, 13–14 (1971). See also *Zellers v. Duckworth*, 763 F.2d 250, 252 (7th Cir.1985); *Williams v. Duckworth*, 724 F.2d 1439, 1442 (7th Cir. 1984). "Ordinarily" implies that there are exceptions, but *Core* tells us that the circumstances of Jenkins' case are not among them. Like Jenkins, Core was pursuing a post-conviction claim that trial counsel had been ineffective; like Jenkins, Core justified his failure to appeal by pointing to shortcomings of his post-conviction counsel. The Supreme Court of Illinois concluded that such circumstances do not justify relief from the default. And after *Coleman*, which overruled *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), see — U.S. at —, 111 S.Ct. at 2565, no independent federal doctrine permits the district court to disregard a prisoner's failure to take an appeal under circumstances in which state law requires an appeal. *Coleman*, like today's case, involved a failure to pursue appellate review after the trial court denied a petition for post-conviction relief.

■ Perhaps one might distinguish *Coleman* on the ground that Coleman took an *untimely* appeal from the post-conviction decision, giving the state's court an opportunity to provide an independent state ground for its decision: it dismissed the appeal for want of jurisdiction. By contrast, the argument would run, the final decision on Jenkins' case addressed the merits. Because no state court asserted a procedural ground for the decision, federal review remains available. As Justice O'Connor concluded in *Harris*, however, a defendant who neglects to present his claims to the state court at all, and thereby denies it the opportunity to assert a forfeiture rule, has surrendered them just as

surely as if he presents them in a procedurally defective manner. 489 U.S. at 269–70, 109 S.Ct. at 1046–47 (concurring opinion). We have followed Justice O'Connor's views. "A person who *never* presents a claim to state court cannot demand that the state court give a reason, rooted in state law, for not considering that claim. When a state would treat complete failure to present a claim as forfeiture, . . . the federal court may enforce the state's bar on collateral review." *Reese v. Peters,* 926 F.2d 668, 671 (7th Cir.1991) (emphasis in original). See also *Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.1992). Accordingly, Jenkins' failure to take an appeal is a procedural default, because Illinois requires persons seeking post-conviction relief to pursue their appellate remedies.

█ "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* —— U.S. at ——, 111 S.Ct. at 2565. According to Jenkins, the "cause" for his default is his desire to get his petition under way in federal court as quickly as possible. Far from establishing "cause," this contention shows deliberate bypass of state remedies, which would have barred federal review even under the standard of *Fay v. Noia.* State courts are not some nuisance clogging access to federal courts; in state criminal prosecutions they are the principal vindicators of both state and federal rights, and a complex of doctrines—including both forfeiture rules and the requirement that a prisoner exhaust all available state remedies—is designed to ensure that state courts retain that role. Problems that *can* be rectified in state court *must* be dealt with there. See *Prihoda v. McCaughtry,* 910 F.2d 1379 (7th Cir.1990).

█ Jenkins believes that the public defender representing him in the collateral proceedings did not do a very good job, and he is particularly put out by the fact that, despite repeated requests, the public defender did not visit him in prison. He believes that the public defender did not press for speedy decision by the state court. Fearing more delay and inadequate representation on appeal, Jenkins decided to cut the process short and take his chances in federal court. Undue delay by a state court might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pending. *Hankins v. Fulcomer,* 941 F.2d 246 (3d Cir. 1991); *Harris v. Champion,* 938 F.2d 1062 (10th Cir.1991). See *Allen v. Duckworth,* 6 F.3d 458, 459 (7th Cir.1993) (reserving question). It does not, however, permit a prisoner to ignore a remedy that, for all we can tell, would have been speedy and effective. Deficiencies in post-conviction representation do not establish "cause" because the Constitution does not create any right to counsel in post-conviction proceedings. *Coleman,* —— U.S. at ——, 111 S.Ct. at 2566–67; *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). That Illinois has exceeded the constitutional minimum to furnish its prisoners with legal assistance in post-conviction proceedings does not give Jenkins extra federal rights. If he believes that his lawyer is not living up to the standards set by state law, he must complain to the state judiciary; so far as the federal courts are concerned, his remedy is to dismiss the lawyer and proceed by himself. *Lane,* 957 F.2d at 365. What he may not do, *Lane* holds, is keep the lawyer the state has furnished and then point to that lawyer's inadequacies as "cause" for his failure to take the steps the state requires.

█ All that remains is the possibility that "failure to consider the claims will result in a fundamental miscarriage of justice." No miscarriage is in sight. Jenkins was convicted on eyewitness testimony. Jenkins and his co-defendant Martin waged a common defense, attacking the credibility of the eyewitness and suggesting that the witness was himself the killer. Martin's lawyer made the motions, and took the other steps, that Jenkins says his lawyer omitted, yet Martin was convicted just the same. That Martin had a competent lawyer does not excuse shortcomings by Jenkins' lawyer; it shows, however,

that any deficiencies did not produce a miscarriage of justice. The procedural default therefore remains as an independent and adequate state ground in support of the judgment, and Jenkins has forfeited any opportunity for federal review under § 2254.

AFFIRMED.