19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chris ERVIN, Petitioner-Appellant,
v.
Robert J. TANSY; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 93-2055.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Chris Ervin appeals from an order of the district court which dismissed his 28 U.S.C. 2254 petition upon the ground that he was procedurally barred from raising his claim in federal court.[2] We grant petitioner a certificate of probable cause and affirm the order of dismissal.
 
 
 4
 In January, 1989, Ervin was convicted of shoplifting and two counts of aggravated assault by a jury in Chavez County, New Mexico. The prosecution arose from an incident in a retail store on July 6, 1988, in which state witnesses testified to the shoplifting and the subsequent pursuit of, and scuffle with, Ervin outside the premises during which Ervin threatened two persons with a knife.[3] After Ervin became dissatisfied with his counsel at the preliminary hearing, he elected to proceed pro se in all subsequent state proceedings. The United States District Court appointed counsel to assist Ervin in presenting this 2254 petition.
 
 
 5
 After the conviction, the State of New Mexico charged Ervin with being an habitual criminal offender and, following an evidentiary hearing, the trial court found him to be such an offender with two prior felony convictions. Ervin was sentenced to 90 days on the shoplifting count, and 18 months on each assault count, enhanced by four years as a result of Ervin's habitual offender status. The underlying sentences were to run concurrently to each other and consecutively to the habitual offender enhancement; six months of the assault sentences were suspended, and a total sentence of five years was imposed.
 
 
 6
 Following imposition of sentence, Ervin filed pro se a Motion for Modification of Sentence, "consistent with New Mexico Statues [sic] Rule 5-801." The motion was denied, and Ervin timely filed his notice of appeal and a lengthy docketing statement, again pro se. In a calendar notice issued by the New Mexico Court of Appeals on July 25, 1989, the docketing statements were rejected on the ground that they failed to comply with local rules which required concise and accurate summations of all material facts and that they be double spaced and legible. It was also noted that Ervin's docketing statements were not timely filed under court rules, and he was reminded "that he is held to the same standard of compliance with all appellate rules and procedures as a party represented by counsel." Ervin was ordered to file an amended docketing statement complying with all appellate rules, and an acceptable statement was then filed.[4] Record Vol. I, Item 17, Exhibit H.
 
 
 7
 On April19, 1990, the New Mexico Court of Appeals filed its opinion affirming the convictions and sentences imposed by the trial court. Id., Exhibit I. In a fourteen-page opinion, the state appellate court carefully reviewed all issues raised by Ervin and found them to be without merit.[5]
 
 
 8
 Ervin filed a petition for a writ of certiorari which was rejected by the New Mexico Supreme Court on October 12, 1990, as untimely. Under the New Mexico Rules of Appellate Procedure, a petition for a writ of certiorari must be filed with the supreme court clerk within 20 days after the final action of the court of appeals, and the three-day mailing period set forth in other rules does not apply to this time limit. See SCRA 1986 Rule 12-502. Such a requirement is jurisdictional. State v. Aaron, 703 P.2d 915, 916 (N.M. Ct.App.1985).
 
 
 9
 Since the court of appeals' decision was filed on April19, 1990, the petition for certiorari was due at the state supreme court by May 9, 1990. According to Ervin, he deposited the envelope containing his petition in the prison mailbox on May 8, 1990, but the envelope which contained the petition for the writ of certiorari was not postmarked until May 9, 1990, and was not received by the clerk of the supreme court by that date. Under these circumstances, the district court properly found that Ervin was procedurally barred from exhausting his state remedies in the New Mexico Supreme Court.
 
 
 10
 In order to excuse such procedural default, which would bar federal relief under 2254, Ervin must establish "good cause" and "prejudice" in connection with that default. In Coleman v. Thompson, 111 S.Ct. 2546 (1991), the guidelines were set out in this manner.
 
 
 11
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. 111 S.Ct. at 2565, 115 L.Ed. 2d at 646.
 
 
 12
 In this case, Ervin claims that prison officials interfered with his state appeal by providing an incorrect address for his petition. As noted by the state, this argument does not establish "cause" because it fails to take into account that the envelope containing the petition was not postmarked until May 9, 1990, the day that it was due in the supreme court. This was explained in the letter sent to Ervin on October 12, 1990, by the Clerk of the New Mexico Supreme Court:
 
 
 13
 After reviewing your petition and noting the deadlines required by the rules, it is the decision of the Court that your petition was late getting here, no matter where you sent it to begin with. Pursuant to the Rules of Appellate Procedure, the petition would have to have been filed in this Court on May 9, 1990, which was the date the envelope was postmarked when you mailed it to the Disciplinary Board. There is no way we could have accepted it even if you had mailed it to this office. (Emphasis supplied.)
 
 
 14
 Accordingly, we are returning your petition to you. (Item 7, Vol. I, Record).
 
 
 15
 In Dulin v. Cook, 957 F.2d 758 (10th Cir.1992), the Utah Court of Appeals had affirmed the state district court's denial of defendant's petition for habeas corpus relief, and defendant was entitled to seek certiorari in the Utah Supreme Court within 30 days of the adverse decision. Because he failed to do so within that time limit, this court found that he was procedurally barred from exhausting his state remedies. Dulin contended that his default should be excused because he was in a Nevada prison and had no access to, or notice of, Utah appellate rules and thus had no way of knowing that further state appeal was required or available. This circuit found this to be a sufficient allegation of "cause" and remanded the case to give Dulin an opportunity to prove special circumstances which prevented access to the Utah appellate courts. In so doing, we explained that pro se petitioners are held to the same standards as are defendants represented by counsel:
 
 
 16
 The "cause and prejudice" standard applies to pro se prisoners just as it applies to prisoners represented by counsel.... In order to satisfy the "cause" standard, Petitioner must show that "some objective factor external to defense" impeded his compliance with Utah's procedural rules ... * * * *
 
 
 17
 We stress that we are not deciding that "cause" actually exists in this case ... we have merely determined that the complaint on its face states a claim for cause under the "cause and prejudice" standard--that is, no knowledge of Utah appellate rules and no reasonable method by which to gain such knowledge due to incarceration in a foreign jurisdiction. 957 F.2d at 760.
 
 
 18
 We noted that in determining whether "cause" existed, the district court should consider the means Dulin had to acquire knowledge of Utah rules such as access to an attorney or to Utah appellate rules through library loan, inquiry to the Utah appellate courts, and any other type of notice which he may have received. "We further note that Petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law." 957 F.2d at 760.
 
 
 19
 Applying such tests to Ervin's situation, it is clear that he failed to establish the requisite "cause" for his default. The record establishes that he declined the assistance of counsel during trial, in his state appeal, and proceeded pro se to file an acceptable brief in the New Mexico Court of Appeals. It is clear that he had the means and opportunity to acquaint himself with appellate rules and procedures and there is no cause to excuse his default in that regard. See Jenkins v. Gramley, 8 F.3d 505 (7th Cir.1993), where the petitioner failed to appeal the denial of his state habeas corpus petition.
 
 
 20
 In addition to establishing "cause" for the default, as explained above, Ervin must also establish that the failure to consider his claims "will result in a fundamental miscarriage of justice." Cases involving such an injustice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime" Dulin, supra, footnote, 957 F.2d 760, Quoting McCleskey v. Zant, 499 U.S. 467 (1991), and see United States v. Richards, 5 F.3d 1369 (10th Cir.1993). This is not the situation here, since Ervin was convicted by the jury on the basis of eyewitness testimony which clearly established his guilt. See Jenkins v. Gramley, supra 8 F.3d 505, 508.
 
 
 21
 AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In his brief on appeal, Ervin states that he has been released from incarceration. That release does not moot this case as he is still subject to the collateral consequences of this conviction. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)
 
 
 [3]
 Witness Saenz testified that Ervin was waving his knife at the people around him and that Saenz was one of those people. Witness Ukockus testified similarly. They both testified that they were afraid that they were going to be cut or stabbed, thus establishing the elements of the crime of aggravated assault. Vol. I, Record, Item 17, Exhibit T, Opinion of the Court of Appeals, New Mexico, p. 2
 
 
 [4]
 The court of appeals overruled the state's motion to strike, finding that Ervin's brief was "adequate under the circumstances." Id., Exhibit I
 
 
 [5]
 In particular, the court found that the evidence was sufficient to support the convictions and that no error was made in rulings upon the admission of evidence. While Ervin told the trial court he wanted to play the preliminary hearing tapes for the jury and attempted to read witness statements into evidence, "he usually did not follow the proper procedure in tendering the evidence" and, when told to follow proper procedures, defendant proceeded to other matters. When proper procedures were followed, the substance of the evidence he wished admitted was cumulative
 As to Ervin's claim of inadequate counsel at the preliminary hearing and pretrial proceedings, the record disclosed that the trial court held an in-chambers hearing on the issue and learned that counsel had listened to the preliminary hearing tapes, had researched the law, had gone to the scene, was planning to talk to witnesses during the week before trial, and that she had met with defendant and talked about defenses. The state court of appeals found that "there is no factual basis for defendant's allegations that counsel was so inadequate that he was forced to represent himself and that the district court should have further intervened to ensure that he received effective assistance."
 While Ervin complained that the public defender did not help him on appeal, a letter from the defender confirmed that she had communicated with Ervin and that he did not want public defender assistance.
 All other issues raised by Ervin in this appeal received full consideration by the New Mexico Court of Appeals and were found to be without merit.