21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Johnny SMITH, Petitioner/Appellant,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS and Roland W. Burris,
Attorney General of the State of Illinois,
Respondents/Appellees.
 No. 92-3690.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided March 30, 1994.
Rehearing Denied June 29, 1994.
 
 Before Posner, Chief Judge, and Flaum and Ripple, Circuit Judges.
 
 ORDER
 
 1
 Johnny Smith appeals the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Smith, an inmate at Pontiac Correctional Center, was found guilty of possessing contraband in his cell in June of 1985, and as a result lost seven and one-half days of good-time credit. Although Smith had requested in writing that three witnesses appear on his behalf at the hearing before the Prison Adjustment Committee, his request was denied as untimely. The Prison Review Board found that no further action was warranted on the disciplinary matter.
 
 
 3
 Smith, alleging a violation of his due process rights and requesting reinstatement of his good-time credit, filed his first petition for a writ of habeas corpus. The petition was dismissed because Smith had not exhausted his state remedies. Smith then petitioned for a writ of mandamus in Livingston County, Illinois. The court ordered Smith to pay part of the filing fee because he had funds in his prison account. Smith's motion to waive partial payment of the fee was denied. His attempt to appeal was untimely under Illinois Supreme Court Rule 303. Although advised that he could obtain leave from the Appellate Court to file a late notice of appeal, Smith did not do so. Instead, Smith filed a second petition for writ of mandamus, this time in Cook County, Illinois, which was denied. Smith did not file an appeal. He then filed a petition for leave to file a petition for a writ of habeas corpus in the Illinois Supreme Court, which was denied. Smith thereafter filed the petition for writ of habeas corpus at issue in this appeal.
 
 
 4
 Finding that Smith had exhausted his state remedies, the district court denied the petition with prejudice based on Smith's procedural default.[1] Smith seems to argue that because the Livingston County action did not result in a disposition on the merits, there is not exhaustion or at least no resulting procedural default. However, we look beyond that action to Smith's failure to appeal timely the denial of mandamus in Cook, not Livingston, County. Smith's failure to appeal timely is a procedural default because Illinois law requires persons seeking post-conviction relief pursue their appellate remedies. Coleman v. Thompson, 111 S.Ct. 2546 (1991); Jenkins v. Gramley, 8 F.3d 505, 507 (7th Cir.1993).
 
 
 5
 We may consider the merits of Smith's claim if he can show cause for and prejudice from his failure to follow state procedures. Mason v. Gramley, No. 92-2789, slip op. at 3 (7th Cir. Dec. 1, 1993). On appeal, Smith does not present any reason for his failure to appeal within the time allotted, instead arguing that the disposition of the Livingston County action does not preclude him from proceeding with his claims. Because Smith does not satisfy the cause and prejudice requirement, we do not reach his claim and AFFIRM the district court's judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Both the district court and Smith incorrectly focus on the Livingston County action instead of the Cook County action. However, this reliance is harmless because the record supports the district court's conclusion that Smith procedurally defaulted the claims raised in his petition for a writ of habeas corpus