51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Craig MUZARD, Petitioner/Appellant,
v.
Odie WASHINGTON, Respondent/Appellee.
 No. 93-2327.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1994.*
Decided March 14, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Craig Muzard was convicted of murder in an Illinois state court and was sentenced to twenty years in prison. The state appellate court affirmed his conviction, People v. Muzard, 569 N.E.2d 26 (Ill.App.1991), and the Illinois Supreme Court denied leave to appeal, 580 N.E.2d 128 (Ill.1991). Muzard then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 alleging that he was denied due process and a fair trial due to (1) an erroneous jury instruction; (2) prosecutorial misconduct comprised of repeated and knowing defiance of an in limine order and improper remarks made during trial, opening statement and closing argument; (3) erroneous admission of confidential marital communications. The district court denied Muzard's petition. On appeal Muzard presses only the jury instruction and prosecutorial misconduct issues. (Appellant's Br. at 25 n. 5). We affirm.
 
 
 2
 In People v. Reddick, 526 N.E.2d 141 (Ill.1988), the Illinois Supreme Court held that the combination of the then current Illinois Pattern Jury Instructions on murder and voluntary manslaughter violated a defendant's state law rights by erroneously placing the burden of proof regarding mitigation of mental state on the defendant. In Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990), this court held that the same instructions also violated the Due Process Clause of the Fourteenth Amendment because a jury could be left with the false impression that it could convict for murder even if a defendant had a mitigating mental state.
 
 
 3
 Muzard did not claim in any Illinois court that the murder/manslaughter instructions deprived him of rights, either on the theory of Reddick or Falconer. In particular, he did not make that claim to the Illinois Supreme Court although both cases had been decided well before he filed his petition for leave to appeal on May 30, 1991. Thus the claim is procedurally defaulted unless Muzard can show cause and prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991). He has not attempted to do so.
 
 
 4
 Muzard has also procedurally defaulted on the prosecutorial misconduct claim. Spartan allegations in his brief to the Illinois Appellate Court that defendant "was deprived of his constitutional right to a fair trial" will generally not be deemed sufficient to alert the state court to the federal claim. Verdin v. O'Leary, 972 F.2d 1467, 1475 (7th Cir.1992). On direct appeal, the state appellate court concluded that the prosecutor's conduct did not constitute reversible error. Muzard, 569 N.E.2d at 30-32. The state court's decision was based upon state law--the court did not cite nor refer to a single federal case but relied on state rules set forth in state supreme and appellate court decisions. In his petition for Leave to Appeal to the Illinois Supreme Court, Muzard also failed to even mention the denial of his right to a fair trial. Thus, this issue was waived for failure to present it to the state court. Coleman v. Thompson, 111 S.Ct. at 2557 n. 1; Mason v. Gramley, 9 F.3d 1345, 1347-48 (7th Cir.1993); Jenkins v. Gramley, 8 F.3d 505, 507 (7th Cir.1993).[1]
 
 
 5
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Muzard neither alleges cause for the default and prejudice attributable thereto nor demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992)