62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael R. STEELE, Petitioner/Appellant,
v.
Jack R. DUCKWORTH and Indiana Attorney General, Respondents/Appellees.
 No. 94-3175.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Rehearing Denied Aug. 16, 1995.
Decided July 28, 1995.
 
 Before Flaum, Ripple and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Michael R. Steele appeals the district court's dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Steele pled guilty to the murder of a police officer and the attempted murder of another officer. He was sentenced to sixty years of imprisonment for the murder to be followed by a consecutive sentence of fifty years for the attempted murder. Steele directly appealed his sentence and the Supreme Court of Indiana affirmed his sentence.
 
 
 3
 Steele then filed a petition for post-conviction relief, raising issues not raised on direct appeal. Steele questioned: the voluntariness of his guilty plea, the effectiveness of his counsel, and whether there had been prosecutorial misconduct. Although Steele had waived these issues because he failed to raise them before the appellate court on direct appeal, both the trial court and the appellate court addressed the merits of his claims and determined that they did not succeed. Steele did not seek a transfer to the Supreme Court of Indiana. Steele then sought relief in federal court, filing a petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. He raised the same issues he brought to the Indiana appellate court from the denial of his post-conviction petition.
 
 
 4
 We conclude that Steele has procedurally defaulted his claims by not raising them before the Supreme Court of Indiana on post-conviction review. See United States v. Frady, 456 U.S. 152 (1982); Mason v. Gramley, 9 F.3d 1345, 1347 (7th Cir. 1993); see also Jenkins v. Gramley, 8 F.3d 505, 507 (7th Cir. 1993).
 
 
 5
 To overcome this default, Steele must show cause for and prejudice from the default. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Steele claims that it would have been futile for him to seek relief in the state supreme court. However, "the futility of bringing constitutional claims in a collateral state proceeding will not excuse a procedural default." Mason, 9 F.3d at 1347-48; see Engle v. Isaac, 456 U.S. 107 (1982); Salberg v. United States, 969 F.2d 379, 382 (7th Cir. 1992). Steele points to no other cause for his default.[1] Therefore, we AFFIRM the district court's dismissal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and agrees that oral argument is not necessary. Therefore, the appeal is submitted on the briefs and record
 
 
 [1]
 Steele argues for the first time in his reply brief that he has established cause for his default. He claims he received ineffective assistance of counsel, an issue he raised as an independent claim in his petition. Circuit Rule 28(f) requires "a reply brief shall be limited to matter in reply." We conclude that Steele has waived this argument. See Graff v. City of Chicago, 9 F.3d 1309, 1318 n.6 (7th Cir. 1993), cert. denied, 114 S. Ct. 1837 (1994). Even if he had not waived the issue, Steele was acting pro se in the post-conviction proceedings and there is no right to the effective assistance of counsel in such proceedings. Finley v. Pennsylvania, 481 U.S. 551 (1987)