74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ordell NELSON, Petitioner-Appellant,
v.
George E. DeTELLA, Respondent-Appellee.
 Nos. 94-2914, 94-3194.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 16, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 20, 1996.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Ordell Nelson is serving a 50-year term of imprisonment for murder. His principal argument--that the trial judge violated his constitutional rights by charging the jury in language disapproved by People v. Reddick, 123 Ill.2d 184, 526 N.E.2d 141 (1988)--is foreclosed by Gilmore v. Taylor, 113 S.Ct. 2112 (1993). Nelson's conviction became final before this court's decision in Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990), and Gilmore holds that Falconer cannot be applied retroactively in proceedings under 28 U.S.C. Sec. 2254. (Nelson's direct appeals ended in 1985. See People v. Nelson, 137 Ill.App.3d 1154 (1st Dist.1985) (unpublished memorandum).) Nelson tries to avoid Gilmore by contending that Gilmore itself cannot be applied retroactively, but this misunderstands the nature of the Constitution's ex post facto clause. Gilmore does not alter the elements of the crime or the measure of punishment; instead it determines the proper relation between state and federal tribunals. Nelson was convicted for acts that were defined as murder when he committed them, and his punishment is within the range authorized by statute for murder. The ex post facto clause requires no more.
 
 
 2
 Nelson's parallel argument that the trial judge should have given an instruction on the role of serious provocation in reducing the degree of the crime to voluntary manslaughter again confuses state with federal law. If the judge committed a mistake, that error was one of Illinois law--for the Constitution of the United States does not require states to acknowledge the defense Nelson sought to advance. See Patterson v. New York, 432 U.S. 197 (1977); Martin v. Ohio, 480 U.S. 228 (1987). Cf. Eaglin v. Welborn, 57 F.3d 496 (7th Cir.1995) (en banc). Whether the trial judge accurately understood the ingredients of this defense as a matter of state law is irrelevant in a collateral attack under Sec. 2254, a point Gilmore makes: "Outside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to a federal constitutional error. To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief." 113 S.Ct. at 2117. The appellate court of Illinois did not think the trial judge's decision erroneous; it affirmed the judgment, and the Supreme Court of Illinois denied a petition for leave to appeal. It is not our role to second-guess this decision.
 
 
 3
 Nelson raised eight other arguments in the district court, which deemed all of them forfeited because they had not been presented to the Supreme Court of Illinois. Four had been raised on petition for leave to appeal after the intermediate appellate court affirmed the conviction in 1985, but were omitted from the petition following the rejection of Nelson's collateral attack in 1990. Three were raised in the petition for leave to appeal following the 1990 decision but had been omitted in 1985. And one was not in the petition to the state's Supreme Court on either occasion, the district judge concluded. Nelson replies that although his attorney omitted these issues from the petitions for leave to appeal (both of which were denied in any event), he presented them in supplements filed pro se; the state denies that such documents were filed; the district court did not resolve this dispute.
 
 
 4
 Since the district court's decision, we have made it clear that failure to include an issue in a petition seeking discretionary review by a state's highest court is a forfeiture if and only if the state itself considers it a forfeiture. See Hogan v. McBride, No. 95-1498 (7th Cir. January 16, 1996). As we observed in Jenkins v. Gramley, 8 F.3d 505 (7th Cir.1993), the courts of Illinois require some issues to be so presented, but they do not apply this requirement to all issues at all stages of the direct and collateral proceedings. The district court therefore must determine which of the eight additional claims was presented in the pro se filings (if there were any) and, for any omitted claims, whether Illinois would deem the omission a forfeiture. Claims that have not been forfeited should be resolved on the merits.
 
 
 5
 The judgment of the district court is affirmed in part and vacated in part. The case is remanded for proceedings consistent with Hogan and with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record