(No. 43462.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ULYSEE CORE, Appellant.

*Opinion filed May 27, 1971.*

Morton Zwick, Director of Defender Project, of Chicago, (Bruce L. Herr, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Roland Griffith, State's Attorney, of Edwardsville, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

Defendant Ulysee Core was found guilty of armed robbery in the circuit court of Madison County upon his plea of guilty and sentenced to imprisonment for a term of two to seven years. His *pro se* post-conviction petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was denied on August 6, 1969, following appointment of counsel and an evidentiary hearing. No appeal was taken from that judgment. An application for executive clemency was filed by defendant and denied on November 22, 1969. Defendant filed a second post-conviction petition on April 15, 1970, which was dismissed upon motion by the State on grounds of *res judicata* and waiver and this appeal followed.

Defendant's second petition alleges that he was not properly admonished at the change-of-plea proceeding as to the possible sentence for armed robbery and that counsel appointed to represent him in the original post-conviction proceeding was incompetent. In view of this allegation of incompetent representation, defendant now argues that it was error for the court to appoint the same counsel in the second post-conviction proceeding.

It is clear that a defendant's failure to appeal the dismissal of a post-conviction petition, coupled with the doctrines of *res judicata* and waiver, ordinarily bars further consideration of all claims which could have been raised. (Ill. Rev. Stat. 1967, ch. 38, par. 122—3; *People* v. *Holland,* 33 Ill.2d 246; *People* v. *Chapman,* 33 Ill.2d 429.)

Relying on *People* v. *Polansky*, 39 Ill.2d 84 and *People* v. *Slaughter*, 39 Ill.2d 278, defendant contends that normal rules of waiver and *res judicata* should not be applied since his original petition was dismissed without competent representation. In *Polansky*, defendant's original post-conviction petition included allegations as to his indigency and requested appointment of counsel. The trial court found no merit to the grounds alleged for post-conviction relief and dismissed the petition without appointing counsel. No appeal was taken from that dismissal. Defendant filed a second post-conviction petition which was dismissed on grounds of *res judicata* and waiver. On appeal we held that considerations of due process and fundamental fairness required a relaxation of the general *res judicata* and waiver principles where defendant's failure to appeal in the original post-conviction proceeding most probably resulted from the absence of counsel. In *Slaughter*, counsel was appointed to represent defendant in the post-conviction proceedings, but in a combined appeal from the dismissal of defendant's first petition and from the dismissal of a second petition filed by an attorney appointed by this court, we found that defendant did not receive adequate representation with respect to his original petition. We reversed the dismissal of defendant's original petition and, again relying on considerations of fundamental fairness, we reversed the dismissal of defendant's second petition. Finally, in *People* v. *Raymond*, 42 Ill.2d 564, we reversed the trial court's dismissal on grounds of *res judicata* of defendant's second post-conviction petition and held that "The representation of the petitioner by his appointed attorney in connection with his first post-conviction petition [from which no appeal was taken] was so clearly inadequate that the dismissal of that petition cannot be regarded as *res judicata* of the claim advanced in the petition before us." Construed together, these cases hold that a defendant's failure to appeal from a dismissal of his first post-conviction petition does not require automatic ap-

plication of *res judicata* and waiver principles to bar consideration of a second petition where such failure to appeal results from clearly inadequate representation or from the absence of representation. If, however, defendant is advised of his right to appeal and does not exercise that right, he is thereafter barred from raising those claims which could have been raised on appeal, including the claim that his representation in the post-conviction proceedings was incompetent.

This rule is in accord with the policy prohibiting the piecemeal invocation of post-conviction remedies as evidenced by previous rulings of this court (*People* v. *Polansky*, 39 Ill.2d 84; *People* v. *Holland*, 33 Ill.2d 246) and section 122—3 of the Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—3). "Granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process, and the State is therefore free to choose this method to regulate the procedure of its courts in accordance with its own concepts of public policy and fairness. *Snyder* v. *Massachusetts*, 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330, 332." (*Polansky* at p. 86.) In addition, it was clearly contemplated by our Rule 651 (43 Ill.2d R. 651) that the question of the competency of appointed counsel in post-conviction proceedings would be presented on appeal therefrom. That rule provides for direct appeal to this court from an adverse judgment in a post-conviction proceeding, sets forth the minimum responsibilities of an appointed counsel in a post-conviction proceeding, and requires that notice be given petitioner of his right to appeal, his right to a record of the post-conviction proceedings and his right to the appointment of counsel on appeal.

Defendant here does not allege that he was not notified of his right to appeal as required by Rule 651(b) or that his failure to appeal was a result of clearly incompetent representation. In the absence of a showing that defendant

was not given the required notice of his right to appeal and was otherwise unaware thereof, or that such awareness was negated by incompetent counsel, we perceive no unfairness in the trial court's application of *res judicata* and waiver principles in this case.

This result is not altered by the fact that defendant was represented on his second post-conviction petition by the same attorney who represented him in the original post-conviction proceeding and whose competency in those proceedings is now challenged. While this situation is, at the least, undesirable, and could well, in other circumstances, result in reversal, we do not find that any substantial prejudice resulted under the circumstances here. In view of the notice requirements of Rule 651, in effect at the time defendant's original petition was denied, and the total absence of any indication to the contrary, it seems proper to assume that defendant did receive notice of his right to appeal. The further possibility that, having received such notice, defendant desired to appeal but was thwarted by the incompetency of his counsel is scarcely believable in light of defendant's specific request for the same counsel to represent him in his subsequent application for executive clemency before the Parole and Pardon Board. This clear expression of defendant's satisfaction with the services of counsel after the dismissal of his original post-conviction petition belies his current claims of incompetency and we find that failure to appoint other counsel was not reversible error here.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*