**UNITED STATES of America ex rel. Marshall JONES, Petitioner,**

v.

**Jerry D. GILMORE, et al., Respondents.**

No. 96 C 5948.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 13, 1996.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's September 26, 1996 memorandum opinion and order (the "Opinion," a copy of which is being transmitted to the Illinois Attorney General's Office together with a copy of this opinion) dealt in a number of preliminary respects with the 28 U.S.C. § 2254 ("Section 2254") Petition submitted by Marshall Jones ("Jones") to challenge his state court conviction on charges of murder and armed robbery. Since the issuance of the Opinion:

1. Jones has paid the $5 filing fee for the Petition, thus mooting (as the Opinion had anticipated) his originally-filed Application To Proceed In Forma Pauperis.

2. Jones has also tendered photocopies of several of the documents that he had submitted in the course of his proceedings through the Illinois state court system:

(a) his Petition for Leave To Appeal to the Illinois Supreme Court from the Appellate Court's 1992 decision (reported at 236 Ill.App.3d 244, 177 Ill.Dec. 549, 603 N.E.2d 619 (1st Dist.1992)) on his direct appeal (the "Supreme Court Direct Appeal Petition," a document bearing an October 20, 1992 "Filed" stamp of the Illinois Supreme Court);

(b) his Memorandum of Law tendered to the Circuit Court of Cook County in support of his Petition for Post–Conviction Relief (the "Circuit Court Post–Conviction Petition"), filed in that court in September 1993; and

(c) his Petition for Leave To Appeal to the Illinois Supreme Court from the Appellate Court's affirmance of the dismissal of his post-conviction petition (the "Supreme Court Post–Conviction Petition," that document having been transmitted to the Supreme Court in February 1995).

Although those documents are not a complete set of Jones' state court filings, they are sufficient to call for the clearly-mandated dismissal of his current Section 2254 Petition without the need for any further proceedings.

Marshall Jones, Pro Se.

■ To avoid any possible mischaracterization of the current Petition, what follows is a verbatim copy of the six grounds that Jones now advances for relief (simply converting his use of all capital letters to upper and lower case format):

1. Denial of due process and a fair trial. Petitioner was denied a fair trial, where the jury was allowed to view a gruesome close-up photograph of the victim's blood-covered face, even though this photograph had no probative value, and was merely introduced to inflame and prejudice the jury.

2. Abuse of discretion by the trial court. The trial court erred in finding that the petitioner's conduct was exceptionally brutal and heinous, indicative of wanton cruelty, where the evidence showed that the unpremeditated murder occurred only after the victim resisted the armed robbery and fought with the petitioner, and where the evidence showed that immediately following the offense the defendants expressed regret that someone had been killed.

3. Ineffective assistance of appellate counsel. Appellate counsel committed plain error in that counsel on appeal failed to raise and argue issue of inadmissible evidence being submitted to jury that was preserved on the record, since it is the "duty" of appellate counsel to act as advocate of the defendant, and not merely as amicus curiae and to marshall all arguments on behalf of defendant, appellate counsel's failure to raise and argue the issue of submission of the inadmissible evidence constitutes the denial of effective representation of counsel on review.

4. Violation of due process and equal protection. The trial judge committee "plain error" in not granting petitioner's motion for new trial, where inadmissible evidence is submitted to the jury, and prosecution admits to submission of inadmissible evidence. Where question of law is not whether submission of inadmissible evidence was inadvertent, but rather was submission of evidence prejudicial to petitioner, in violation of due process of law and equal protection of the law.

5. The trial judge committed plain error in not granting petitioner's motion for new trial, where the submission of inadmissible evidence to the jury, whether inadvertent or not, was means by which petitioner suffered impeachment without taking the witness stand on his own behalf and where the jury was not questioned in open court as to the impact of the inadmissible evidence, as to the finding of guilty, in violation of due process and equal protection of the law.

6. The state, through its prosecutor, committed plain error in submitting inadmissible evidence as to petitioner being on parole, by not exercising due care necessary for the protection of the petitioner and furthering that error by arguing that jurors had stated that the inadmissible evidence had no impact on finding of guilt, even though alleged statements were not a matter of record or of proven fact, since the jury was not questioned in open court or in front of or by counsel for the defense, or the trial judge as to the prejudicial impact of the prejudicial evidence.

All six of those claims are unquestionably "exhausted" in the sense of Section 2254(b), which states the statutory state-court-exhaustion precondition to federal habeas—that is, no state court remedy remains available to Jones. But where Jones fails instead is (a) partly in his trying to assert bases other than federal constitutional violations (which are the only predicate for federal habeas relief under Section 2254(a)) and (b) partly in his having forfeited all of the federal constitutional claims by virtue of his procedural defaults in the state court system.

■ Before this opinion turns to those failures, it is worth repeating (at least parenthetically) the point made in Opinion at 2 that Jones' claims must meet the standards prescribed by Antiterrorism and Effective Death Penalty Act of 1996 § 104(3), now embodied in Section 2254(d). As just reconfirmed in *Abrams v. Barnett*, 100 F.3d 485, 489 (7th Cir.1996), that means Jones is disentitled to any habeas relief here unless the state court adjudications either:

(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In determining whether the Appellate Court of Illinois' decision was contrary to federal law, this court must rely on the jurisprudence of the Supreme Court of the United States, *See Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir.1996) (recognizing that the new § 2254(d) is a "retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court.").

Those tests alone could well doom some or all of Jones' present claims (for example, Ground 2 clearly runs afoul of the second branch of the Section 2254(d) standards). But this Court will not pause to examine Jones' contentions in light of the more complex first branch of Section 2254(d), in part because it would be reluctant to do so without providing Jones with counsel who could do the necessary research and try to identify clearly established Supreme Court jurisprudence that might save some of Jones' claims on that score, but in principal part because any such salvage would do Jones no good anyway due to his other fatal deficiencies dealt with in the rest of this opinion. On then to those other flaws.

■ As for the first of those defects, Opinion at 4–5 has already held that Grounds 1 and 2 are unsustainable because they do not meet one of the new standards imposed by the 1996 legislation in an effort to curb the use of federal habeas by state prisoners. But beyond that, both Ground 1 (which is identical to Argument I presented in the Supreme Court Direct Appeal Petition) and Ground 2 (which is identical to Argument II then presented to the Illinois Supreme Court) are really state law claims and are

therefore not cognizable by this federal court in any event.[1] Not only did Jones' counsel frame the issues on his direct appeal to the Illinois Supreme Court solely as Illinois trial court errors, but without exception the authorities that were relied on in support of the arguments were *state* court cases, not cases based on the federal Constitution.

As for the second question, that of Jones' procedural defaults and his consequent forfeiture of federal habeas review, some recent developments in Seventh Circuit jurisprudence should first be mentioned. Until 1993 *Nutall v. Greer,* 764 F.2d 462 (7th Cir.1985) and later cases had consistently taught that failure to present a federal claim—say one of ineffective assistance of counsel—to the Illinois Supreme Court constituted a default barring a later federal habeas petition on that score. Then *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir.1993) clarified the principle that a state court's later consideration of a collateral attack on the merits based on the federal constitutional flaw would take the thus-considered issue out of the *Nutall* category. But at the same time *Jenkins, id.* confirmed that a federal habeas petitioner's prior failure to have appealed from an order denying his state court petition for post-conviction relief would still be fatal to any potential issuance of a habeas writ by the federal court:

Illinois treats a failure to appeal as a procedural default barring further review. "It is clear that a defendant's failure to appeal the dismissal of a post-conviction petition, coupled with the doctrines of *res judicata* and waiver, ordinarily bars further consideration of all claims which could have been raised." *People v. Core,* 48 Ill.2d 544, 272 N.E.2d 12, 13–14 (1971).

And *Jenkins, id.* went on to confirm the extreme narrowness of any exception that could be implied by the word "ordinarily."

---

1. In connection with Ground 1, Jones has inserted prefatory "denial of due process and a fair trial" language, which was absent from the corresponding caption that he presented in the Supreme Court Direct Appeal Petition. But as the discussion that follows in the text reflects, that label really does not change the nature of Jones' claim as previously advanced—and if it did, it would be a forfeited claim for the reasons discussed later in this opinion.

Next *Jones v. Washington,* 15 F.3d 671, 675 (7th Cir.1994) (citations omitted) [2] continued to drive nails into the same procedural-default coffin. Again speaking of a claim of the constitutionally ineffective assistance of counsel, but stating a principle that applies to *any* claimed federal constitutional deficiency in a state court conviction, *Jones* said there:

> Jones has procedurally defaulted on his ineffective assistance of counsel claim. Although Jones filed a petition for leave to appeal to the Supreme Court of Illinois after the Illinois Appellate Court affirmed the denial of his post-conviction petition, Jones did not raise the ineffective assistance of counsel claim in his petition for leave to appeal. His petition mentions only the claim of a *Brady* violation. Failure to appeal claims in state post-conviction proceedings will result in procedural default of those claims unless Jones can show cause and prejudice. The Supreme Court of Illinois was not afforded any opportunity, much less a "fair opportunity," to consider the claim. Jones has made no attempt to demonstrate the required cause and prejudice for failing to present his ineffective assistance claim to the state's highest court; therefore, that claim is procedurally defaulted and is barred from federal review.

Finally *Hogan v. McBride* ("*Hogan I*"), 74 F.3d 144, 146–47 (7th Cir.1996) has further clarified the non-universality of *Nutall. Hogan, id.* at 147 restated the appropriate inquiry for the federal court in these terms in light of the post-*Nutall* refinement of the forfeiture doctrine in *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), *Coleman v. Thompson,* 501 U.S. 722, 729–44, 111 S.Ct. 2546, 2553–62, 115 L.Ed.2d 640 (1991) and *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991):

> These opinions establish that § 2254 asks whether an independent and adequate state ground supports the decision. Forfeiture depends on state law, and it is accordingly essential to know whether the state courts either have held that a procedural misstep is a forfeiture, or would so hold if a collateral attack were filed in state court. If the prisoner has presented

his argument to the right courts at the right times—as the states define these courts and times—then the claim is preserved for federal collateral review.

On consideration of the petition for rehearing in *Hogan,* 79 F.3d 578 (7th Cir.1996), our Court of Appeals reconfirmed that in this case the just-defined inquiry must be made in accordance with established Illinois state court practice (that case had emanated from Indiana).

■ In this instance Jones' four remaining Grounds 3 through 6 in the current Petition simply mirror the identical grounds that he had advanced in his Circuit Court Post–Conviction Petition: Ground 3 here corresponds exactly to the claim asserted in supporting Memorandum IV there, Ground 4 here matches Memorandum I there, Ground 5 here is identical to Memorandum II there and Ground 6 here is the same as Memorandum III there. That being so, the present claims (to the extent that they stem from asserted violations of the federal Constitution, a premise that is not entirely clear from the manner in which they are framed but that will be assumed for purposes of this opinion) were indeed presented to the Circuit Court of Cook County. And it may even be assumed that Jones then preserved the same issues on appeal to the Illinois Appellate Court (although that cannot be determined from its cryptic three-paragraph January 17, 1995 Order in its Dkt. No. 1–93–4388 (1st Dist.1995) affirming the dismissal of the Circuit Court Post–Conviction Petition, and although Jones has not furnished copies of the briefs that were filed in the Appellate Court).

But that favorable assumption does not save Jones' claims, for when he then went on to the Illinois Supreme Court, this is the *only* point that he submitted in his Supreme Court Post–Conviction Petition as a basis for reversal:

> The Appellate Court of Illinois failed or refused to reverse the trial court's decision to dismiss the Petitioner's Post–Conviction Petition without first holding an evidentiary hearing contrary to established Illinois law.

---

**2.** That case involved a different "Jones" from the current petitioner (scarcely a surprise).

And the only authorities cited in support of that point were *state* court decisions, without any reference whatever to any federal constitutional claims. Under those circumstances there is really no need to explore any further the inquiry suggested by *Hogan I* as to when the Illinois courts might not require that a collateral attack be taken all the way up to the state Supreme Court. Here Jones did that, and in doing so he omitted any reference at all to every one of the matters that he now tenders to this Court as Grounds 3 through 6.[3] Hence what was said in the other *Jones* decision (15 F.3d at 675) about "The Supreme Court of Illinois ... not [being] afforded any opportunity, much less a 'fair opportunity,' to consider the claim," coupled with the Illinois "doctrines of *res judicata* and waiver" announced in *People v. Core* and later cases, proves fatal to Jones' entire Petition.

■ Though this opinion could well end here, one other point may be added that would independently dispatch most (if not all) of Jones' claims. In principal part Jones basically attacks evidentiary rulings by the state trial court—that type of attack forms the gravamen of Grounds 1, 4, 5 and 6, and it is even at the core of the claimed ineffectiveness of appellate counsel, whom Jones criticizes for having failed to challenge evidentiary rulings (Ground 3).[4] As to all of those claims, what has just been said in *Abrams,* 100 F.3d at 493 might well have been written for this case:

> We turn next to Abrams' contention that various evidentiary rulings made by the trial judge deprived him of due process. We begin by noting that "[t]he admissibility of evidence is generally a matter of state law." *Milone v. Camp,* 22 F.3d 693, 702 (7th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 720, 130 L.Ed.2d 626 (1995). "Absent a showing that the admission of evidence violated a specific constitutional guarantee, a federal court can issue a writ of habeas corpus on the basis of a state court evidentiary ruling only when the ruling violated the defendant's right to due process...." *Id.* We therefore issue a writ of habeas corpus only in those cases in which the court's evidentiary ruling can be said to have denied the defendant the right to a fundamentally fair trial. *See id.; Dudley v. Duckworth,* 854 F.2d 967, 972 (7th Cir.1988), *cert. denied,* 490 U.S. 1011, 109 S.Ct. 1655, 104 L.Ed.2d 169 (1989).

And there is no way in which Jones qualifies under that last-stated standard.

For several reasons, then, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Accordingly both the Petition and this action are summarily dismissed (*id.*).

---

3. Thus when the Illinois Supreme Court denied leave to appeal (reported in table at 162 Ill.2d 575, 209 Ill.Dec. 806, 652 N.E.2d 346 (1995)) it had been deprived of any chance to consider any constitutional claims that Jones now asks this Court to evaluate.

4. It will be recalled that the only other claim, Ground 2, complains of a trial court finding that is insulated from federal habeas attack by Section 2254(d)(2).