108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory E. WOOTEN, Petitioner-Appellant,
v.
Jack T. HARTWIG, Warden, Respondent-Appellee.
 No. 96-1880.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 11, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In 1989, Gregory Wooten was convicted by a jury of armed robbery, and sentenced by an Illinois circuit court to thirty years in prison. His conviction was affirmed, and his sentence reduced to twenty-five years in prison, on direct appeal. His pro se petition for leave to appeal was denied by the Supreme Court of Illinois. He next filed a pro se post-conviction petition, which was dismissed by the state circuit court. On appeal--during which time Wooten was represented by counsel--the dismissal was affirmed. The pro se petition for leave to appeal to the Supreme Court of Illinois was denied.
 
 
 2
 Wooten then filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, in federal district court. After receiving a response from the state, the district court dismissed the petition. Wooten appeals.
 
 
 3
 Wooten contests the district court's conclusion that he defaulted his claims. On direct appeal, Wooten moved for leave to file a pro se brief to supplement his counsel's brief; the Appellate Court of Illinois denied the motion. As noted before, the court also affirmed his conviction. In his pro se petition for leave to appeal, Wooten made two contentions: that his appellate counsel had provided ineffective assistance, and that the Appellate Court abused its discretion when denying the motion for leave to file a pro se supplemental brief, given that the motion clearly established his counsel's incompetence. He requested a remand with instructions for the Appellate Court to rule upon matters contained in the pro se supplemental brief--which included claims, repeated in his habeas petition, that counsel was ineffective in failing to call various witnesses, that the trial court improperly limited the cross-examination of Shannon Barnes, and that he never possessed the handgun allegedly used in the armed robbery.[1]
 
 
 4
 Wooten raised the claim of ineffective assistance of appellate counsel, along with other claims, in his post-conviction petition. On appeal from the denial of the post-conviction petition, his counsel omitted the claim of ineffective assistance of appellate counsel. So once again, Wooten filed a pro se petition for leave to appeal based on ineffective assistance of appellate counsel--this time, post-conviction appellate counsel.
 
 
 5
 There is no federal right to effective assistance of post-conviction appellate counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, it appears that Illinois courts would consider a second post-conviction petition in cases where counsel on the first petition had provided "clearly inadequate representation," such that petitioner did not have a fair chance to present his claims. See People v. Core, 272 N.E.2d 12, 14 (Ill.1971); see also People v. Britz, 673 N.E.2d 300, 314 (Ill.1996). Accordingly, Wooten may be able to claim in a second state petition that post-conviction counsel was clearly inadequate in failing to argue that counsel on direct appeal should have presented the claims described in Wooten's pro se supplemental brief. He would not be able to make this argument with respect to his claim concerning possession of the handgun, because he did not raise it in his post-conviction petition (and therefore, post-conviction counsel was given no reason to raise it on appeal). However, his post-conviction petition does repeat two of the claims from the pro se supplemental brief: that his trial counsel was ineffective, and that the trial court improperly limited the cross-examination of Barnes.
 
 
 6
 We conclude that Wooten has not procedurally defaulted those two claims, and furthermore that state remedies for these claims have not been exhausted. We may affirm the denial of these claims if exhaustion of state remedies would serve no purpose, such as if the claims are without merit. See Granberry v. Greer, 481 U.S. 129 (1987); cf. 28 U.S.C. § 2254(b)(2) (enacted April 24, 1996) (providing that a habeas petition may be denied on the merits despite non-exhaustion of state remedies). As explained infra, the claims do lack merit, and thus their denial may be affirmed.
 
 
 7
 Wooten also has not procedurally defaulted the claim about the reliability of Wood's identification; because the claim was decided on the merits on direct appeal, the state would consider this claim barred on res judicata rather than procedural default grounds. See Gomez v. Acevedo, No. 94-3873, 1997 WL 39864 at * 3-* 4 (7th Cir. Feb. 4, 1997). The remaining claim, concerning possession of the handgun, was procedurally defaulted, because it was not presented to the state appellate court on direct appeal, see id., or to any state court during the post-conviction proceedings, see Jenkins v. Gramley, 8 F.3d 505, 507 (7th Cir.1993) (quoting Core, 272 N.E.2d at 13-14).
 
 
 8
 The claims that Wooten has preserved for federal review lack merit. His first claim is that trial counsel was ineffective for failing to call several witnesses. As was true with his state post-conviction petition, Wooten failed to submit affidavits with his habeas petition setting out the potential testimony of these uncalled witnesses. We have only Wooten's word as to how they might have testified. Such speculation is not sufficient to support an ineffective assistance claim. United States v. Ashimi, 932 F.2d 643, 650 (7th Cir.1991); United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173-75 (7th Cir.1990).
 
 
 9
 Wooten contends that the trial judge improperly kept the jury from hearing on cross-examination about the residential burglary committed by Shannon Barnes prior to the armed robbery, in which he also participated. According to Wooten, had counsel been allowed to go into this subject, he could have shown Barnes's motive to lie, given that Barnes had recently pleaded guilty to the residential burglary. The portions of transcript attached to Wooten's habeas petition undermine this argument. On direct examination of Barnes, the jury learned that he had pleaded guilty on reduced charges in connection with the residential burglary and the subsequent armed robbery. Then, on cross-examination, Wooten's counsel asked Barnes whether he had ever seen the gun prior to it being shown to him just before the armed robbery. The prosecutor objected, and Wooten's attorney assured the judge that his line of questioning had "nothing to do with the residential burglary." The judge warned Wooten's counsel, "Just be careful." The logical interpretation of the judge's warning was that counsel should not get into the details of the residential burglary. Wooten's counsel was not attempting at this juncture to show that Barnes still had a motive to lie after his guilty plea, and thus was not precluded from exploring that topic by the judge's admonition.
 
 
 10
 Wooten does not show cause for his default on the remaining claim, in which he claims that he never possessed the handgun used to commit the armed robbery. His allegation of ineffective assistance of post-conviction counsel does not excuse his failure to include the claim in post-conviction petition, and in any event, as noted before, he has no federal right to effective assistance of appellate counsel during post-conviction proceedings. Accordingly, he can get review of the remaining claim only if he shows that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,' " or in other words, if "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 115 S.Ct. 851, 867 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).
 
 
 11
 Wooten contends that Barnes stole the gun during the prior residential burglary and was found with the gun one day after the robbery. According to Wooten, this evidence shows either that the gun was not used in the robbery, or that Barnes was the gunman. However, even assuming that Barnes possessed the gun before and after the robbery, this does not mean that Wooten could not have possessed the gun--or a similar gun--during the robbery. Not only Barnes but Wood identified Wooten as the gunman. Even if Barnes's testimony had been discredited with the evidence described by Wooten, Wood's testimony would remain. Thus Wooten has not shown that no reasonable juror would have convicted him in light of this evidence.
 
 
 12
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The other claim in the habeas petition--concerning the reliability of Vicky Wood's identification--was presented by counsel to and rejected on the merits by the Appellate Court