**UNITED STATES of America ex rel., Allen REDMOND, Petitioner,**

v.

**Anthony SCILLIA, Warden, Taylorville Correctional Center, Respondent.**

No. 97 C 750.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 23, 1998.

---

Charles J. Aron, Chicago, IL, for petitioner.

Allen Redmond, Taylorville, IL, pro se.

William Lloyd Browers, Illinois Attorney General's Office, Chicago, IL, Stephen F. Potts, Assist. Atty. General, Chicago, IL, for respondent.

Stephen F. Potts, Assistant Attorney General, Chicago, IL, for respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Allen Redmond, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas

Corpus to challenge his conviction for attempted first degree murder. For the following reasons, the Petition is denied.

### Background

Following a bench trial in the Circuit Court of Cook County, Illinois, Mr. Redmond was convicted of attempted first degree murder and armed violence. Mr. Redmond appealed his convictions to the Illinois Appellate Court. The Illinois Appellate Court vacated Mr. Redmond's armed violence conviction because it was based on the same physical act as his attempted murder conviction. *People v. Burrage,* 269 Ill. App.3d 67, 645 N.E.2d 455, 206 Ill.Dec. 450 (Ill.App.1st Dist.1994). Mr. Redmond's attempted murder conviction was affirmed. Mr. Redmond's petition for leave to appeal to the Illinois Supreme Court was denied. Mr. Redmond then filed a petition for post-conviction relief. The petition was denied. Mr. Redmond did not appeal the denial of his post-conviction petition to the Illinois Appellate Court or the Illinois Supreme Court. This petition for writ of habeas corpus followed. Mr. Redmond raises three issues in his petition for writ of habeas corpus: (1) the prosecution did not disclose evidence favorable to him; (2) ineffective assistance of counsel; and (3) denial of the right to appeal to the Illinois Supreme Court.

### Waiver

■ "Before considering a petition for habeas corpus on the merits, a district court must make two inquiries—whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988). To avoid procedural default, a prisoner must first raise his claims in a state court proceeding so they may be "fairly presented" to the state court. *Moleterno v. Nelson,* 114 F.3d 629, 634 (7th Cir. 1997) (citations omitted). Once a claim is procedurally defaulted "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ Mr. Redmond raises two claims for the first time in his federal habeas petition: (1) the prosecution did not disclose evidence favorable to him, and (2) denial of the right to appeal to the Illinois Supreme Court. Since neither was raised in the Illinois state courts, each is procedurally defaulted and Mr. Redmond must show cause and prejudice. "Cause" is ordinarily defined as an external objective factor that impeded the defense's ability to raise the claim. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Mr. Redmond has offered no argument as to why his claims of withheld evidence and denial of right to appeal were not raised in the Illinois state courts. Thus, he has not proven cause for his default.

■ Mr. Redmond may still raise his two claims if he can show failure to consider the claims would result in a miscarriage of justice. In essence, Mr. Redmond must prove his claim will allow him to provide evidence that he is actually innocent. *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Mr. Redmond also fails on this count. Mr. Redmond's habeas petition is devoid of any argument or evidence to support his claims of withheld evidence and right to appeal to the Illinois Supreme Court. As to withheld evidence, Mr. Redmond simply states that the prosecution withheld the results of experiments of police evidence technicians summoned to the crime scene. (Habeas Pet. at 5). Mr. Redmond does not state what tests were done, what they prove, or how they would be helpful to his case. Accordingly, Mr. Redmond has failed to prove the tests would provide evidence that he is actually innocent.

Mr. Redmond also offers no evidence or argument as to how his claim for an appeal of right to the Illinois Supreme Court would prove him actually innocent. The Illinois Supreme Court is not required to hear criminal appeals unless the case contains an issue of constitutional law of first impression. Ill. S.Ct. Rule 317. The decision to hear a criminal appeal that does not deal with novel

issues of constitutional law is "a matter of sound judicial discretion." Ill.S.Ct.Rule 315. Mr. Redmond's case does not deal with constitutional issues of first impression. He filed a petition for leave to appeal to the Illinois Supreme Court. It was denied. Refusal to hear Mr. Redmond's claim is not a miscarriage of justice.[1]

*Ineffective Assistance of Counsel*

■ Mr. Redmond also claims ineffective assistance of counsel. Since Mr. Redmond does not specify whether his claim is for ineffective assistance of trial or appellate counsel, both will be considered. Although Mr. Redmond filed a post-trial motion claiming ineffective assistance of trial counsel, he did not raise the issue on direct appeal to the Illinois Appellate Court. Mr. Redmond did raise his ineffective assistance of trial counsel claim in his petition for leave to appeal to the Illinois Supreme Court and in his petition for post-conviction relief. Because the Illinois Supreme Court denied the petition and the claim was found barred at the post-conviction stage, the merits of the claim have never been addressed. By failing to raise the ineffective assistance of trial counsel claim with the Illinois Appellate Court, Mr. Redmond procedurally defaulted the claim. *Stewart v. Lane,* 60 F.3d 296, 303 (7th Cir.1995).

Still, Mr. Redmond's ineffective assistance of appellate counsel claim, which may not be barred, appears to ultimately raise the same issue as his ineffective assistance of trial counsel claim. Mr. Redmond claims his trial counsel was ineffective for failing to investigate an alibi defense and for failure to call a ballistics expert. Mr. Redmond complains his appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim for failure to investigate an alibi and to call a ballistics expert. Thus, both claims require a determination of whether a failure to investigate an alibi defense and call a ballistics expert was ineffective. If so, trial counsel was ineffective as was appellate counsel for failing to raise an

ineffective assistance of trial counsel claim. If not, neither counsel was ineffective.

■ Mr. Redmond raised the claim of ineffective assistance of appellate counsel in his petition for leave to appeal to the Illinois Supreme Court and his petition for post-conviction relief. As noted, however, Mr. Redmond did not appeal the denial of his petition for post-conviction relief. Normally, this would mean Mr. Redmond procedurally defaulted his claim for ineffective assistance of appellate counsel. Illinois courts, however, have recognized an exception to the default rule where "failure to appeal [from denial of a post-conviction petition] results from clearly inadequate representation or from the absence of representation." *People v. Core,* 48 Ill.2d 544, 272 N.E.2d 12, 14 (Ill.1971). The exception does not apply if Mr. Redmond was advised of his right to appeal. Id. Mr. Redmond was acting without representation when he filed his petition for post-conviction relief. Additionally, nothing in the record indicates Mr. Redmond was aware he could appeal the denial of post-conviction relief. Accordingly, I find his claim for ineffective assistance of appellate counsel is not procedurally defaulted.

Claims for ineffective assistance of appellate counsel are analyzed using the framework set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* a defendant must show that defense "counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052. In the Seventh Circuit, appellate counsel is considered ineffective for failing "to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994).

■ Mr. Redmond claims his appellate counsel was ineffective for failing to raise a

---

1. Although difficult to discern, it is possible Mr. Redmond, in a document entitled "Amendment to Memorandum of Law in Support Petition [sic] for Writ of Habeus [sic] Corpus by a Person in State Custody," adds an additional claim to his writ of habeas corpus that was not raised in the Illinois State Courts. The document, attached to the end of Mr. Redmond's filing, complains that Mr. Redmond's sentence was improperly enhanced. Mr. Redmond has not offered a cause for failing to raise this claim in the Illinois State Courts and has not shown it would be a miscarriage of justice not to hear the claim. Accordingly, this claim is denied.

claim of ineffective assistance of trial counsel. Although a claim for ineffective assistance of trial counsel was raised in post-trial motions, it was not raised on direct appeal. Thus, the claim was obvious. To determine whether it was a strong claim requires an analysis of Mr. Redmond's argument that his trial counsel was ineffective. Mr. Redmond complains that his trial counsel did not call alibi witnesses or a ballistics expert to testify. Mr. Redmond attempts to prove he had an alibi by attaching seven affidavits, including his own. Not a single affiant states they were with Mr. Redmond at the time of the shooting for which he was convicted. Only Mr. Redmond's self-serving affidavit claims that he was not at the location of the shooting at the time it occurred. Further, not a single affiant states he or she provided any of the information within the affidavit to Mr. Redmond's trial counsel either before or at the time of trial. It is not ineffective assistance of counsel to refuse to present an alibi defense that does not give the defendant an alibi.[2] Since there is no evidence presented of ineffective assistance of trial counsel in refusing to present an alibi defense, it was not ineffective assistance of appellate counsel to refuse to raise an ineffective assistance of trial counsel claim on appeal.

 Mr. Redmond also claims his trial counsel should have called a ballistics expert to prove the bullet fired from his gun could not have been the bullet that struck the victim. Under Section 2254, a state court's factual finding is presumed correct and the burden rests on Mr. Redmond to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Illinois appellate court found that eyewitnesses saw Mr. Redmond drive an automobile out of an alley near the scene of the crime, position himself on the window sill of the driver's side of the automobile, and fire three bullets towards the building where the victim was found. *Burrage*, 645 N.E.2d at 458, 206 Ill. Dec. at 453. Mr. Redmond's codefendant, who had previously fired two shots into the building, got into the automobile and the two left the scene. *Id.* These factual findings remain unrebutted. Given these facts, the testimony of a ballistics expert would not have changed the outcome of Mr. Redmond's trial. It is irrelevant if it was not Mr. Redmond, but rather his codefendant, that fired the shot that hit the victim. The Illinois appellate court concluded that Mr. Redmond was proven guilty beyond a reasonable doubt based on the theory of accountability.[3] Considering the evidence and the state's theory of accountability, it was not ineffective assistance of trial counsel to fail to call a ballistics expert and thus, Mr. Redmond's claim for ineffective assistance of appellate counsel is not well taken.

In sum, Mr. Redmond has not proven ineffective assistance of appellate counsel for failure to raise an ineffective assistance of trial counsel claim. Indeed, a review of the Illinois Appellate Court decision indicates appellate counsel argued Mr. Redmond's case effectively and that Mr. Redmond's conviction for armed violence was vacated as a result.

### Conclusion

For the reasons stated above, Mr. Redmond's habeas corpus petition is denied.

---

2. I appointed counsel to investigate the ineffective assistance of counsel claim following receipt of Mr. Redmond's petition, realizing it was possible that his affidavits were the result of his not understanding the importance of what was told to trial counsel. No supplemental affidavits were filed that would contradict what I have noted above. Furthermore, the state then supplemented its answer with the affidavit of Mr. Redmond's trial counsel who stated that he had asked Mr. Redmond to bring alibi or other witnesses to see him, that Mr. Redmond in fact made several appointments to do so, but that he never kept his appointments. While Mr. Redmond (through counsel) argues that he should be given an evidentiary hearing, Mr. Redmond, who filed his own supplemental response to the state's supplemental response, has not contradicted these statements. I conclude that no basis has been shown for an evidentiary hearing on the question of ineffectiveness of counsel.

3. Even if Mr. Redmond argued this determination was in error, he has not presented a constitutional ground for relief. A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).