Alvoil CAWLEY, Petitioner–Appellant,

v.

George E. DeTELLA and Jim Ryan, Attorney General of the State of Illinois, Respondents–Appellees.

No. 94–2536.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1995.

Decided Dec. 7, 1995.

---

Debra J. Stanek (argued), Nancy K. DuCharme, Phillip J. Kerwin, Sidley & Austin, Chicago, IL, for Petitioner–Appellant.

Arleen C. Anderson, Rita M. Novak, Office of the Attorney General, Chicago, IL, Steven J. Zick, Steven Splitt (argued), Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for George E. DeTella.

Arleen C. Anderson, Rita M. Novak, Office of the Attorney General, Chicago, IL, for Roland W. Burris.

Before POSNER, Chief Judge, and COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

■ In 1978 Alvoil Cawley was convicted of murder in Illinois state court for his role in the fatal shooting of James Duncan on December 9, 1977, in Glen Ellyn, Illinois. After the denial of both his direct appeal and his post-conviction appeal in state court, Cawley filed a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. The district court denied the petition, finding that Cawley had procedurally defaulted the arguments made in the petition. We affirm.

## I.

In his direct appeal Cawley challenged the sufficiency of the evidence, the basis for his conviction on a theory of accountability, the lack of a preliminary hearing, and the severity of his sentence. The Illinois Appellate Court affirmed the conviction and the sentence. *People v. Cawley*, 77 Ill.App.3d 780, 33 Ill.Dec. 338, 396 N.E.2d 865 (1979). Cawley did not file a petition for leave to appeal to the Illinois Supreme Court. He did, however, file a pro se post-conviction petition in state court, alleging that the trial court failed to tender the instruction for murder to the jury. After this, things got sloppy. Counsel was appointed, but over two years passed before the filing of an amended petition, which did not contain any affidavits, records, or other supporting evidence for the claims made. After the petition was dismissed, Cawley appealed, and the Illinois Appellate Court reversed and remanded the case, ordering that new counsel be appointed and that this counsel submit supporting materials with the new petition.[1]

Even with new counsel, however, another two years passed before a new petition was

---

1. The record reveals that Cawley has consistently had conflicts with his appointed attorneys and has wavered between wanting assistance and rejecting it. Because these conflicts do not affect the decisive issues in this appeal, however, we do not address them further.

filed in 1989. This petition claimed ineffective assistance of trial and appellate counsel on direct appeal for failing to raise a *Brady* violation by the state. The alleged violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), was that the state did not produce certain fingerprint and weapons test results. The court rejected Cawley's claim without a hearing. In his appeal to the Illinois Appellate Court, Cawley again raised the *Brady* claim and also alleged ineffective assistance of *post-conviction* counsel for failing to challenge (in the post-conviction petition) the jury instructions given at his trial.[2] The Illinois Appellate Court again denied his claims, and Cawley again failed to file a petition for leave to appeal to the Illinois Supreme Court.[3] Cawley maintains that he did not file this petition because the earlier delays and state court proceedings put him in a state of "listless depression," which lasted several months. Cawley subsequently filed a motion to file a late petition for leave to appeal to the Illinois Supreme Court, but his motion was denied.

One year later, on June 9, 1993, Cawley filed a pro se federal petition for a writ of habeas corpus, raising the following claims: 1) denial of due process by the trial court's failure to tender jury instructions on murder;[4] 2) ineffective assistance of appellate counsel in failing to obtain the trial transcript for the direct appeal; 3) error by the post-conviction court in dismissing his *Brady* claim without an evidentiary hearing; and 4) ineffective assistance of trial and appellate counsel in failing to pursue the *Brady* issues. The district court held that, by failing to appeal to the Illinois Supreme Court on his post-conviction petition, Cawley had procedurally defaulted all of his constitutional claims. The district court also held that Cawley had not shown cause for the procedural default and therefore denied his petition.[5]

## II.

■ In this appeal Cawley (now represented by counsel) argues that the district court erred in finding his claims procedurally defaulted and in finding that he had not established cause and prejudice for any procedural default. The respondents have never claimed that Cawley failed to exhaust his state remedies, as he is required to do before he can pursue federal habeas review. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The exhaustion requirement insists that if the state courts have not yet had a full and fair opportunity to consider the petitioner's constitutional claims and *remain open* to address these claims, the petitioner must take his claims there first. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir.1990); *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). Since the Illinois state courts are no longer open to Cawley's claims, he has exhausted his state remedies.

■ Exhaustion, however, is not the only procedural hurdle that must be overcome before a federal court can hear the merits of a petition for habeas corpus. A federal habeas petitioner must also show that he raised the claims being made on habeas during the

2. Subsequent to Cawley's trial and direct appeal, the Illinois Supreme Court determined that the Illinois pattern jury instructions for murder and voluntary manslaughter, which were given at Cawley's trial, were unconstitutional. *People v. Reddick,* 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988).

3. Appellant Cawley's brief alleges that Cawley asked his attorney to appeal to the Illinois Supreme Court. Cawley has not, however, presented any evidence of this request—not even his own signed affidavit. Furthermore, Cawley has consistently shown his ability to actively pursue his own case when he so desires.

4. The district court treated this argument as a claim that the jury instructions given were un-

constitutional under *Reddick,* and the appellee's brief does the same. In state court Cawley vacillated between the "no instructions" argument and the *Reddick* argument, so the confusion is understandable. While we agree with the district court's legal conclusion that *Reddick* does not apply retroactively, appellant Cawley insists that his claim is a "no instructions" claim, and we treat it as such.

5. The district court noted that Cawley did not claim ineffective assistance of counsel as cause for the procedural default. Since Cawley did not show cause, the district court did not address the issue of prejudice.

state proceedings and that he gave the highest state court an opportunity to address these claims. *Jones v. Washington,* 15 F.3d 671, 674–75 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994); *Mason v. Gramley,* 9 F.3d 1345, 1347–48 (7th Cir.1993). Failure to take such claims all the way to the highest state court results in procedural default, unless the petitioner can show cause and prejudice. *Id.* at 1348; *see also Wainwright v. Sykes,* 433 U.S. 72, 86–91, 97 S.Ct. 2497, 2506–09, 53 L.Ed.2d 594 (1977).

■ We have sometimes referred to procedural default as an "independent and adequate state ground" that preempts the need for separate analysis of federal claims. *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir. 1993) (citing *Coleman v. Thompson,* 501 U.S. 722, 746–51, 111 S.Ct. 2546, 2562–65, 115 L.Ed.2d 640 (1991)). In other words, if the state in which the habeas petitioner was convicted would treat failure to appeal as a procedural default barring further review, that default likewise bars federal review of the claim. Thus the federal courts insist that the habeas petitioner respect the structure of the state court system, by complying with its rules and appellate scheme, before they will provide independent, collateral review of the petitioner's claims. We also noted in *Jenkins* that Illinois generally treats a failure to appeal as a procedural default barring further review. *Id.* at 507. The Illinois Supreme Court has stated as follows: "It is clear that a defendant's failure to appeal the dismissal of a post-conviction petition, coupled with the doctrines of *res judicata* and waiver, ordinarily bars further consideration of all claims which could have been raised." *People v. Core,* 48 Ill.2d 544, 272 N.E.2d 12, 13–14 (1971). Consequently, failure to appeal the dismissal of a post-conviction petition in Illinois state court will ordinarily be treated as an independent and adequate state ground (as if a state court had actually found

the claims procedurally barred), preempting further habeas review in federal court.

Cawley correctly recognizes that we do not always require an Illinois petitioner to invoke the Illinois post-conviction process before we will review his or her federal habeas corpus petition. We have previously recognized that Illinois significantly limits the scope of post-conviction relief available through its doctrines of res judicata and waiver: "[W]here a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court[,] and all issues which *could have been presented* to that court and which were not are considered to have been waived." *Perry v. Fairman,* 702 F.2d 119, 121 (7th Cir.1983) (emphasis added) (quoting *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5, 7 (1970)). While Illinois provides an exception to its strict doctrines of waiver and res judicata on the grounds of "fundamental fairness," *People v. Hamby,* 32 Ill.2d 291, 205 N.E.2d 456, 458 (1965), we recognize that this exception has been interpreted very narrowly. *United States ex rel. Williams v. Brantley,* 502 F.2d 1383, 1385 (7th Cir.1974). Hence we have declined to require a petitioner to invoke the Illinois post-conviction process where such action would be futile. *Id.* at 1386; *Britz v. Thieret,* 940 F.2d 226, 229 (7th Cir.1991). In fact, we have held that a federal habeas corpus petition should be dismissed for failure to invoke the Illinois post-conviction review process "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the [Illinois] waiver doctrine will be relaxed." *Williams,* 502 F.2d at 1386; *Perry,* 702 F.2d at 121 (same for res judicata doctrine); *Mason,* 9 F.3d at 1347 (same for both).

This line of cases does not help Alvoil Cawley, however, since he chose to invoke the Illinois post-conviction review process, rather than attempting to go straight to federal court after his direct appeal.[6] He ap-

---

6. Of course Cawley failed to "complete" his direct appeal, since he neglected to file a petition for leave to appeal to the Illinois Supreme Court. However, *this* procedural default, which would generally preclude federal review, does not affect our decision in this case. Since the Illinois

courts on post-conviction review did not invoke waiver or res judicata, but addressed Cawley's claims on the merits, neither do we rely on Cawley's failure to take his *direct* appeal all the way to the highest court in the state. There is no comity issue or independent and adequate state

parently believed that the Illinois post-conviction process would not be futile for him, and he was essentially correct. While the Illinois courts did not give him the relief he desired, Cawley concedes that they addressed his post-conviction claims *on the merits*. The Illinois courts did not find his claims to be procedurally barred (i.e., the post-conviction process was not "futile" in the sense of the cases cited above), and so we have no reason to excuse Cawley's failure to take his post-conviction claims to the highest court of the state.

Cawley cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting. *Jones,* 15 F.3d at 675 ("Once [the petitioner] filed a petition for post-conviction proceedings, he was required to take all his claims to the state's highest court."); *Farrell v. Lane,* 939 F.2d 409, 411 (7th Cir.), *cert. denied,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991) (finding waiver of ineffective assistance claim where petitioner failed to appeal denial of post-conviction petition on that issue).[7] Cawley was required to file a timely motion for leave to appeal to the Illinois Supreme Court.[8] This he did not do. Hence we cannot now hear his claims in federal court, unless he can establish cause and prejudice for his procedural default or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of jus-

tice." *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1042–43, 103 L.Ed.2d 308 (1989); *see also Jones,* 15 F.3d at 675; *Mason,* 9 F.3d at 1348; *Jenkins,* 8 F.3d at 508.

Cawley has not made an adequate showing of cause and prejudice regarding his procedural default, nor has he shown that our refusal to hear his federal habeas petition will result in a fundamental miscarriage of justice. Cawley does not even purport to make a claim of fundamental miscarriage of justice. As for cause, Cawley weakly asserts that he requested that his attorney appeal the denial of his post-conviction petition to the Illinois Supreme Court, yet he presents no evidence of such a request. More importantly, even if Cawley could establish that his post-conviction counsel failed to follow his instructions, this would get him nowhere. Since there is no right to the effective assistance of counsel in post-conviction proceedings, ineffective assistance of post-conviction counsel does not constitute cause to excuse a procedural default. *Morrison v. Duckworth,* 898 F.2d 1298, 1301 (7th Cir.1990) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987)); *Coleman v. Thompson,* 501 U.S. 722, 757, 111 S.Ct. 2546, 2568–69, 115 L.Ed.2d 640 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute

---

ground if a state chooses to ignore or forgive non-compliance with its own rules. *See Harris v. Reed,* 489 U.S. 255, 261–62, 109 S.Ct. 1038, 1042–43, 103 L.Ed.2d 308 (1989).

7. The broad statement from *Jones* is in tension with our earlier decision in *United States ex rel. Partee v. Lane,* 926 F.2d 694, 699 n. 3 (7th Cir.1991), *cert. denied,* 502 U.S. 1116, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992). In *Partee* we recognized that the petitioner had failed to seek leave to appeal to the Illinois Supreme Court after the Illinois Appellate Court affirmed the denial of his post-conviction petition. We found, however, that since the petitioner's post-conviction claim of ineffective assistance was the same claim he had made on direct appeal (when he *had* sought review by the Illinois Supreme Court), the petitioner had afforded the Illinois state court system a fair opportunity to treat the merits of his ineffective assistance claim (the same claim he was raising in his federal habeas petition). Cawley's case is different from that of the petitioner in *Partee* in two respects: 1) the

claims made on Cawley's direct appeal differ from those raised in the post-conviction petition and the federal habeas petition; and 2) even the claims made on direct appeal were not addressed to the Illinois Supreme Court. Since Cawley does not meet the requirements of *Partee,* we need not today decide whether the finding in *Partee* remains good law, i.e., whether a petitioner who has been rejected once by the Illinois Supreme Court and who then invoked the Illinois post-conviction review process, making the same arguments, must once again take those claims all the way to the Illinois Supreme Court before the federal courts will hear his or her habeas petition.

8. The fact that Cawley eventually filed a motion for leave to file a *late* petition to the Illinois Supreme Court, which was denied, does not change our analysis. The considerations of comity and federalism that underlie our procedural default doctrine include respect for a state's appeal deadlines.

cause to excuse the default in federal habeas.").

Cawley also suggests that his procedural default was caused by the fact that the prior proceedings in his case left him "listless and depressed." He does not, however, claim mental incompetence or even a clinical diagnosis of depression, nor does he provide any precedential support for the claim that depression can constitute "cause" in the procedural default context. The Supreme Court has emphasized that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor *external* to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (emphasis added). The Supreme Court has also provided some examples of "external objective impediments," such as where the factual or legal basis for a claim was not reasonably available previously or where interference by officials made compliance impracticable. *Id.* We have previously held that limitations like illiteracy and limited education are not objective external impediments of this sort. *Henderson v. Cohn,* 919 F.2d 1270, 1272–73 (7th Cir.1990) (listing cases). Depression, as described herein, likewise fails to qualify as an external impediment.[9] Thus Cawley has not shown cause for his procedural default.

Since Cawley cannot establish cause for his procedural default (and has not alleged a fundamental miscarriage of justice), we need not address the issue of prejudice. Finding unexcused procedural default, we AFFIRM the district court's denial of Cawley's petition for habeas corpus.

---

9. Additionally, Cawley has not offered any objective evidence of depression.