101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard HOCKENBERRY, Petitioner-Appellant,
v.
George DeTELLA, Warden, Stateville Correctional Center,
Respondent-Appellee.
 No. 95-3146.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1996.*
Decided Oct. 25, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Richard Hockenberry ("Hockenberry") appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Hockenberry brought his petition in the Northern District of Illinois, claiming that his constitutional rights were violated when the state used perjured testimony regarding a blood test that was performed on the victim in January 1989. Hockenberry claims that the blood test was never taken and that the testimony about the results of the test, therefore, was false. The relevance of the blood test was that it showed that the victim had a blood type that could explain the secretions found in saliva on the stocking that the perpetrator used to gag the victim. A blood test performed on Hockenberry indicated that he could not have been the source of these secretions, and a blood test taken from the victim prior to January 1989, indicated that the blood type was such that she could not have been the source of the secretions. Hockenberry also asserted an ineffective assistance of counsel claim because his attorney failed to undertake an investigation that would have revealed that evidence that the state introduced at trial had been falsified. The district court denied Hockenberry's petition on the ground that he had procedurally defaulted his constitutional claim in the Illinois court system. We now affirm.
 
 
 2
 Hockenberry was convicted of criminal sexual assault and home invasion in the McHenry County, Illinois Circuit Court. On direct appeal to the Illinois Appellate Court, Hockenberry challenged the admission of testimony regarding the victim's treatment for venereal disease and the trial court's refusal to permit him to recall the victim as a witness in order to impeach her testimony. He did not raise the issues that he brings in the instant petition. The appellate court affirmed the conviction and Hockenberry did not seek review in the Illinois Supreme Court. Hockenberry then filed a petition for post-conviction relief in the trial court. He claimed that he was denied a preliminary hearing, that the State withheld blood testing evidence relating to the blood test of the victim that was performed in January 1989 (his claim at that time was not that the test was not taken, but rather that the state had withheld some evidence regarding the test), and that his trial counsel was ineffective for failing to object to the form of the indictment and to preserve other claims for appeal. The trial court denied the petition and Hockenberry appealed to the Illinois Appellate Court. Prior to that court's reaching a decision, Hockenberry voluntarily dismissed his appeal. Hockenberry had discovered evidence that led him to believe that no blood test was taken on January 7, 1989 and that therefore the state could not have withheld this evidence.
 
 
 3
 After he filed his motion to dismiss his case in the appellate court, but before the motion was granted, Hockenberry filed a petition for relief from judgment in the trial court seeking to have the court vacate its order denying his claim for post-conviction relief, claiming that the newly discovered evidence showed that the victim did not provide a blood sample on January 7, 1989 and that a state's witness committed perjury in testifying that such a blood sample was taken. The court concluded that it did not have jurisdiction over this claim because the case was still on appeal before the appellate court. The court, while emphasizing that it was making its ruling on jurisdictional grounds, stated that Hockenberry's petition was without merit. After filing a motion for rehearing and additional motions in the trial court, Hockenberry filed a notice of appeal. The appellate court dismissed the appeal for lack of jurisdiction because Hockenberry filed his notice of appeal more than 30 days after the denial of his motion for rehearing. See IL.S.CT.RULE 303. Hockenberry then petitioned for leave to appeal to the Illinois Supreme Court. That court denied the petition.
 
 
 4
 Hockenberry then brought his federal petition for a writ of habeas corpus. The respondent answered that Hockenberry procedurally defaulted on these claims because he failed to raise them on direct appeal, because he withdrew his appeal from the denial of his petition for post-conviction relief and because he did not timely appeal the trial court's denial of his petition for relief from judgment.
 
 
 5
 In the present case, Hockenberry procedurally defaulted when he failed to pursue on direct appeal in the Illinois courts the claims he now brings in his federal petition. Illinois bars a defendant from subsequently raising claims that he did not raise on direct appeal so long as the evidentiary basis of the claim existed at the time of the appeal. Illinois v. Burrows, 665 N.E.2d 1319, 1327-28 (Ill.1996). In the present case, Hockenberry's claim is that there was no documentary evidence of the January 1989 blood test presented at trial. In that his claim is one of an omission at trial, the evidence necessarily existed at the time of trial (the evidence being that the state did not present documentation evidence of the January 1989 blood test), and therefore was available at the time Hockenberry took his direct appeal to the Illinois appellate court.
 
 
 6
 When Hockenberry brought his first state collateral attack, a petition for post-conviction relief in the trial court, that court held that he could not assert a claim based upon the issue of the 1989 blood test because he failed to raise that issue on direct appeal. See Hockenberry v. Illinois, No. 88 CF 611 (McHenry County Circuit Court Nov. 6, 1991). Following the state trial court's denial of his petition for post-conviction relief, Hockenberry made several attempts in the Illinois court system to obtain relief. None of the courts that considered his claim, rested its decision on the merits of his claim that the state used perjured evidence regarding the January 1989 blood test. Therefore, Hockenberry failed to raise this issue in the manner required by the Illinois courts and the last Illinois court to consider his claim relied upon Hockenberry's omission to deny him the relief he sought. Thus, he has procedurally defaulted. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).
 
 
 7
 Because Hockenberry procedurally defaulted, a federal court will not reach the merits his petition unless he can show cause for failing to bring his claim and prejudice from the alleged constitutional error, or that he is factually innocent of the crime for which he was convicted. Harris v. Reed, 489 U.S. 255, 262 (1989); Cawley v. Detella, 71 F.3d 691, 695 (7th Cir.1995). In the present case Hockenberry has shown neither cause nor prejudice, nor has he made a colorable showing of actual innocence. Hockenberry's explanation for waiting until after his direct appeal had been denied to bring the claim regarding the blood test, was that he had not yet obtained records from the hospital. However, he has not explained why he could not have obtained these records prior to bringing his direct appeal. Moreover, the hospital records that he later introduced did not significantly bolster his argument that no blood test was performed in January 1989. Therefore, he did not have a good reason for not bringing his claim on direct appeal even if he did not have access to the hospital records. With regard to prejudice, the testimony that Hockenberry's claims is false, played such a tangential role in the case, that we do not see how it could have affected the proceeding.
 
 
 8
 Hockenberry does not claim that he is actually innocent of the crime. Moreover, there was sufficient evidence of Hockenberry's guilt, for us to conclude that the alleged error did not result in the conviction of an innocent man. Therefore, this exception to procedural default is also unavailable to Hockenberry.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)