104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John KUHN, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Defendant-Appellee.
 No. 95-2845.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Dec. 12, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Inmate John Kuhn filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that his guilty plea to attempted murder was invalid because 1) it was not knowingly and voluntarily given as required by the Due Process Clause, and 2) it was the product of ineffective assistance of counsel in violation of the Sixth Amendment. Because Kuhn failed to present these issues to the Indiana Supreme Court prior to filing his habeas petition, the district court dismissed his claims on the basis of this state law procedural default. Although on a different theory of procedural default than relied on by the district court, we affirm.
 
 
 2
 Prior to filing his habeas petition, Kuhn challenged his conviction for attempted murder on direct appeal and in two state post-conviction proceedings. On direct appeal and in his first post-conviction petition, Kuhn claimed that there was an insufficient basis upon which to accept his guilty plea to attempted murder because he did not intend to kill the police officers upon whom he fired during a high-speed chase. Indiana's appellate courts rejected this claim inferring Kuhn's intent to kill from his admission that he used a firearm in a manner likely to cause death or great bodily harm. (R. at 81.) Instead of seeking transfer to the Indiana Supreme Court, Kuhn filed a second post-conviction petition. This time he claimed that the state deprived him of due process by using illegal arrest procedures, unduly suggestive identification procedures, and by improperly suppressing exculpatory evidence; that he was denied his Sixth Amendment right to effective assistance of counsel during the plea process; that his trial counsel and his post-conviction counsel had interests that conflicted with his; that there was insufficient evidence to convict him; and that his conviction violated due process because he was intoxicated at the time of his offense. (R. at 4, 84.) Again, the state post-conviction court denied his petition. In affirming the denial of the petition, Indiana's appellate court noted that Kuhn failed to follow Indiana law which requires a defendant to "assert all available grounds for relief in the original post-conviction petition unless they were unavailable or unknown to him at the time." (R. at 84-85.) Because Kuhn's new claims were available to him when he filed his original petition, the court held that "Kuhn waived these claims." Id. As before, Kuhn did not seek transfer to the Indiana Supreme Court.
 
 
 3
 Instead, Kuhn filed this petition for a writ of habeas corpus claiming that his guilty plea to attempted murder was unknowing and involuntary and that it was the product of the ineffective assistance of counsel. The district court dismissed Kuhn's petition because he failed to seek transfer from his prior state petitions to the Indiana Supreme Court. (R. at 106.) After the parties filed their initial briefs, we decided, in Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996), that an Indiana prisoner's failure to seek discretionary review of post-conviction petitions by the Indiana Supreme Court does not constitute a forfeiture of state remedies and therefore does not result in a procedural default. We explained that claims are open on collateral review under § 2254 "when the last state court to address a question reaches the merits without invoking a rule of forfeiture." Id.
 
 
 4
 After Hogan it is clear that Kuhn's failure to file a transfer to the Indiana Supreme Court does not constitute a procedural default. See id. The state nevertheless argues that Kuhn defaulted the claims in his habeas petition in a way other than that relied on by the district court. The state points to the Indiana appellate court's ruling that Kuhn's second post-conviction petition raised issues that were waived for failure to raise them in his initial petition as required under Indiana law.[1] This state-law forfeiture precludes us from addressing those issues raised in Kuhn's habeas petition that were initially raised in his second post-conviction petition.
 
 
 5
 Kuhn maintains that the issues raised in his habeas petition were raised in his first post-conviction petition and thus that it is irrelevant that he procedurally defaulted the issues raised in his second post-conviction petition. We disagree. The facts and theory supporting his ineffective assistance claims were solely raised in his second state petition. Indeed, Kuhn appears to concede his forfeiture of his ineffective assistance claim in his reply brief. (Def.'s Supp.Reply Br. at 2.) However, he contends that this forfeiture should be excused because it was caused by the ineffectiveness of his counsel. But there is no constitutional right to counsel in collateral proceedings, and we thus cannot excuse his default on this ground. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Neal v. Gramley, 96-1452, slip op. at 3 (7th Cir. Oct. 30, 1996).
 
 
 6
 But with respect to his other claim--that he unknowingly and involuntarily pleaded guilty in violation of due process principles--it is less obvious whether he is entitled to federal habeas review. We begin by noting that Indiana's courts did not invoke a rule of forfeiture in denying Kuhn's first post-conviction petition. However, unless the issue raised there "fairly presented" the constitutional issue raised in Kuhn's habeas petition, we may not consider it. See Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992). In Verdin, we noted that "for a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to the court." Id. In his first post-conviction petition Kuhn did not rely on federal cases or on state cases applying a due process analysis to similar claims. Kuhn essentially argued that the evidence failed to prove his intent to kill and thus that the evidence did not support his guilty plea to attempted murder. (R. at 19.) This was an argument based on Indiana state law rather than any attempt to raise a constitutional claim. Kuhn's position that he adequately presented his federal claim to the state courts is further called into doubt by his statement made in his habeas petition that "[n]one of the grounds raised have been previously presented to any court because of attorney negligence and petitioner now has no means of presenting these issues to the state courts for review." (R. at 1.)[2] Under these circumstances, we conclude that Kuhn forfeited the involuntary plea claim in his habeas petition by not fairly presenting it to Indiana's courts. Moreover, because Kuhn has not demonstrated cause and prejudice for this default, or demonstrated that without habeas relief he will suffer a fundamental "miscarriage of justice," see Coleman, 501 U.S. at 748; Harris v. Reed, 489 U.S. 255, 262 (1989); Murray v. Carrier, 477 U.S. 478 (1986); Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir.1995), we AFFIRM the district court's judgment dismissing Kuhn's habeas petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The state initially raised this particular theory of procedural default in its memorandum (filed in the district court) where it stated:
 The [Indiana] Court of Appeals during Kuhn's successive post-conviction appeal affirmatively found that he waived the issued presented [in his habeas petition]. Where state courts have plainly stated that there is a procedural bar to deciding the issue on appeal in the state courts, the federal courts may not review the merits of the issue. Harris v. Reed, 489 U.S. 225, 266, 109 S.Ct. 1038, 1041-42 (1989).
 (R. at 5.)
 
 
 [2]
 As previously noted, Kuhn procedurally defaulted his ineffective assistance of counsel claim by failing to raise it in his first post-conviction proceeding