124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricky BELL, Petitioner-Appellant,
v.
George E. DETELLA, Respondent-Appellee.
 No. 96-1667.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Decided Aug. 12, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois No. 95-CV-1005 Michael M. Mihm Chief Judge.
 Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge and MANION, Circuit Judge.
 
 ORDER
 
 1
 Ricky Bell, a state prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. In his petition, he advanced a number of arguments alleging that his trial and appellate counsel were ineffective, and maintained that he was sentenced in violation of the Ex Post Facto Clause of the Constitution. The district court concluded that Bell procedurally defaulted all of his claims. We affirm.
 
 
 2
 On appeal, Bell does not dispute the procedural default. He argues, however, that the district court erred in finding that he failed to show good cause for the default. Bell's main argument is that lockdown conditions at the prison restricted his access to the prison library, and made it difficult to complete his petition. But the mere fact that his access was restricted is not dispositive. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). Inmates, Lewis teaches, do not have an unrestricted right to a law library; they are only entitled to a " 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). Bell concedes that he had some access to the library during the lockdown, and that the lockdown ended ten days before his filing deadline. Under these circumstances, the inconveniences Bell experienced in researching his petition are not enough to establish cause for a procedural default. Bell also complains--correctly--that his court-appointed post-conviction counsel gave him bad advice on how to preserve claims in federal court. But because there is no constitutional right to post-conviction counsel, Bell's reliance on his attorney cannot constitute cause for a procedural default, no matter how bad her advice. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir.1995).
 
 
 3
 As an alternative to showing cause and prejudice, Bell insists that because he did not commit the crime of which he was convicted, the district court erred in concluding that its refusal to reach the merits of his petition would not result in a fundamental miscarriage of justice. To avoid procedural default by a claim of actual innocence, however, a petitioner must not only "support his allegations of constitutional error with new reliable evidence. that was not presented at trial," but also "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 115 S.Ct. 851, 865, 867 (1995). Bell has failed to present any such new evidence. Moreover, he has alleged, at best, that it would be possible for a juror to find him not guilty. Under Schlup, he must establish that it would be impossible for any reasonable juror to find him guilty. That he has not done. Consequently, the district court correctly concluded that Bell did not qualify under the "miscarriage of justice" exception to procedural default.
 
 
 4
 Finally Bell argues, in essence, that is it impossible to default on an ex post facto claim in Illinois, because a sentence imposed in violation of the ex post facto doctrine is void, and Illinois law permits prisoners to attack a void judgment at any time. But while Bell argued in state court that he was sentenced to a term greater than the statutory maximum, he did not claim that the sentence was an ex post facto violation until he reached the district court. Before a federal court will consider the merits of a petition for a writ of habeas corpus, the petitioner must first fairly present his claims in the state courts, in order to "alert the state court to any applicable [federal] constitutional grounds for the claim." Green v. Peters, 36 F.3d 602, 605 (7th Cir.1994) (internal quotation omitted). Failure to do so is a procedural default. Coleman v. Thompson, 501 U.S. 722, 731 (1991). An ex post facto claim is no exception to this rule. See Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir.1996). Consequently, Bell has procedurally defaulted his ex post facto claim.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)