124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harvard P. WATKINS, Petitioner-Appellant,
v.
Kenneth R. Morgan, Respondent-Appellee.
 No. 96-3797.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided July 15, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 21, 1997.
 ORDER
 
 1
 In February 1989 the state of Wisconsin charged Harvard Watkins with the robbery of a convenience store which occurred in January 1989. In July 1990 the state filed a second criminal complaint against Watkins charging him with two additional counts of robbery for crimes which occurred in February 1989 and July 1990. The Wisconsin trial court granted the state's motion to join the two complaints concluding that the factual similarities between the crimes was sufficient to support the joinder. Prior to tial, the state dismissed one of the counts of robbery which initially was included in the second complaint. At trial, a jury found Watkins guilty of both remaining counts and he was sentenced to 27 years' imprisonment in consecutive sentences. Watkins raised two issues on direct appeal: a violation of his due process rights as a result of the improper joinder of two armed robbery charges and a lack of probable cause to support his arrest. The Wisconsin Court of Appeals affirmed his conviction and the Wisconsin Supreme Court subsequently denied his petition for review in August 1993.
 
 
 2
 Watkins then filed a petition in federal district court seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 in which he asserted the same two claims he had raised on direct appeal and two new claims. The district court dismissed the petition without prejudice for failure to exhaust his state remedies. Watkins then filed a petition for habeas corpus with the state court in Wisconsin which was denied. The Wisconsin Court of Appeals summarily affirmed the denial both as a petition for habeas corpus and as a petition for post-conviction relief under Wis. Stat. § 974.06. The court denied the petition on habeas grounds stating that such relief was not available because there was no evidence that post-conviction relief would be inadequate or ineffective, citing Wisc. Stat. § 974.06(8). Even if it were construed as a motion for post-conviction relief under § 974.06, the court concluded that no evidence was presented or included in the record which indicated that Watkins did not or could not have raised the issues on direct appeal as required by Wis. Stat. § 974.06(4) (prohibiting review of claims in petition for post-conviction relief which were or could have been raised on direct appeal). Watkins' petition for review by the Wisconsin Supreme Court was dismissed as untimely.
 
 
 3
 Watkins then refiled his habeas petition under § 2254 in federal district court alleging several claims, including: the denial of a fair trial because of the misjoinder of his two armed robbery charges and faulty jury instructions; lack of probable cause; unconstitutional showup; two Miranda violations; and, a Riverside violation.[2] After the state objected to certain of Watkins' claims for failure to exhaust, he replied that he would "delete[ ] those claims not exhausted in the discretion of the Court, that the action go forward."[3] Thus the magistrate judge considered only the probable cause claim, the misjoinder claim, and the alleged Riverside violation, all of which he recommended be denied. The district court adopted the report and recommendation of the magistrate judge and dismissed the petition. The petitioner appealed and the district court granted a certificate of appealability on three issues: that Watkins was arrested and detained for over thirty hours without being taken before a judicial officer; that there was no probable cause for his arrest from which incriminating evidence was derived; and that his right to a fair trial was violated because the two robbery complaints were improperly joined.[4]
 
 
 4
 Watkins' claim that the authorities lacked probable cause to arrest him and thus any evidence obtained pursuant to that arrest should have been excluded is not amenable to collateral review under Stone v. Powell, 428 U.S. 465 (1976). He had a full and fair opportunity to present his Fourth Amendment claim to the state courts. The claim was fully briefed by counsel on appeal, was considered using the proper analysis and was rejected by the Wisconsin Court of Appeals; thus collateral review by the federal courts is barred. Turentine v. Miller, 80 F.3d 222, 224 (7th Cir.1996) (stating that a § 2254 petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if he clearly informs the state court of the factual basis of his claim and if the state court thoroughly analyzed the facts and applied the appropriate constitutional analysis).
 
 
 5
 Watkins also claims that the two criminal complaints were improperly joined and thus violated his right to a fair trial. "[M]isjoinder ... rise[s] to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his ... right to a fair triai.' " Leach v. Kolb, 911 F.2d 1249 (7th Cir.1990) (quoting United States v. Lane, 474 U.S. 438, 446 n. 8 (1986)). Watkins appears to argue that the joinder of the charges prejudiced him because the jury could conclude that if he committed one crime then he would have the propensity to commit the second crime. The Wisconsin Court of Appeals and the district court both concluded that the crimes properly were joined under state law based on the similarities among the robberies, including among others, that they all occurred in the early morning hours, the businesses were all in the northwest section of Milwaukee and were in fairly close proximity, and that the robber was armed with a household item to be used as some sort of bludgeoning device. Watkins has presented no evidence nor do we find any that would lead us to conclude that Watkins was unduly prejudiced by the joinder.
 
 
 6
 See Harmon v. McVicar, 95 F.3d 620, 623 (7th Cir.1996) (concluding that the defendant was not prejudiced by the joinder of the offenses of mob action, battery and murder when joinder was proper under state law and defendant's counsel acknowledged that evidence of other offenses would have been admissible in murder trial even if even if the defendant had not ben charged with the other offenses).
 
 
 7
 Watkins also claims that he did not receive a judicial determination of probable cause within 48 hours after his arrest in violation of County of Riverside v. McLaughlin 500 U.S. 44 (1991). Watkins first asserted this claim in his petition for habeas corpus relief before the federal district court which initially dismissed the petition without prejudice for failure to exhaust. Watkins then included the claim in his "petition for habeas corpus" before the Wisconsin Court of Appeals which denied the motion on procedural grounds because Watkins did not show that he could not have raised the issues on direct appeal. Watkins reasserted the claim when he returned to seek habeas relief in federal district court. The district court held that because Watkins had procedurally defaulted this claim in state court and had not asserted cause or prejudice or a fundamental miscarriage of justice, review by a federal court was not permitted. Cawley v. Detella, 71 F.3d 691, 693-94 (7th Cir.1995). In his reply brief, Watkins asserts that he could not have raised his Riverside claim in front of the state court because it was not made retroactive until 1994 under Powell v. Nevada, 511 U.S. 79 (1994). However, Riverside had been decided at the time Watkins filed his appeal, as had Griffith v. Kentucky, 479 U.S. 314 (1987), which provides the analysis as to whether a new rule of criminal procedure is to be applied retroactively. Because Watkins failed to raise the Riverside claim on direct appeal, the federal court cannot provide collateral relief.
 
 
 8
 Watkins also asserts that trial and appellate counsel were deficient for failing to argue that Wise. Stat. § 970.03(10) prohibited the use of facts of a dismissed count to support another count in the imdictment.[5] Watkins argues that when the charge for the second robbery was dismissed, the identification obtained after that arrest should not have been used to support a finding of probable cause for the other two counts of robbery, and that trial counsel was ineffective for failing to make this argrnent. Watkins did not bring the ineffective assistance of trial counsel claim on direct appeal and the Wisconsin Court of Appeals concluded that the claim was procedurally defaulted. See Order of January 3, 1996. Absent a showing of cause and prejudice, the federal court will not review the claim. Cawley, 71 F.3d at 693-94. Watkins procedurally defaulted his claim of ineffective assistance of trial counsel.
 
 
 9
 The district court noted that Watkins may still be able to bring his claim of ineffective assistance of appellate counsel to the Wisconsin Court of Appeals in light of State v. Knight, 484 N.W.2d 540, 545 (Wis.1992), in which the Wisconsin Supreme Court held that ineffective assistance of appellate counsel claims are not to be brought on direct appeal but rather in a petition for habeas corpus to the appellate court that heard the appeal. Although not entirely clear from the record, it appears that Watkins filed a petition for habeas corpus relief in the state trial court which was denied. He then appealed that decision to the Wisconsin Court of Appeals which affirmed the denial on both habeas and § 974.06 (motion for post-conviction relief) grounds. Thus, for Watkins to obtain relief for ineffective assistance of appellate counsel, he must file a petition for habeas corpus directly in the Court of Appeals of Wisconsin. Id. Because this claim has not been exhausted, we will not address it.
 
 
 10
 Walkins' claim on appeal that he was not permitted to confront the police officer who arrested him after the report of the second robbery was not presented to the district court and thus is waived on appeal. United States v. Payne. 102 F.3d 289, 293 (7th Cir.1996) (citations omitted).
 
 
 11
 Finally, it is not entirely clear what the basis of Watkins' last claim is. He states in his Summary of the Argument that the "district court improperly resolved factual disputes in granting summary judgment." Pet. Br. at 9. The state interprets this claim to seek review of the district court's denial of his request to amend his petition for a writ of habeas corpus to include ineffective assistance of counsel claims and "all exhausted constitutional claims and claims recapitulating under pendent jurisdiction of this court," and his request to expand the record to include transcripts of his preliminary hearing and "revocation" hearing.[6] Because Watkins does not object, we have accepted the state's interpretation of the claim and deny relief. We do not conclude that the district court abused its discretion in denying Watkins' request to expand the record to include transcripts from his preliminary hearing as it was not clear that the transcripts were to be used to support any claim before the district court. Nor do we conclude that the district court abused its discretion in denying Watkins' request to amend his petition for habeas corpus. The ineffective assistance of trial counsel claim was procedurally defaulted and the ineffective assistance of appellate counsel claim had not exhausted in the state court. Further, Watkins' request to include "all exhausted constitutional claims and claims recapitulating under pendent jurisdiction of this court" is unclear and the district court did not abuse its discretion in denying the motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Watkins asserts that the length of time he was detained before being taken before a judicial officer for a determination of probable cause constituted a violation under County of Riverside v. McLaughlin, 500 U.S. 44 (1991)
 
 
 [3]
 A prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions. Rose v. Lundy, 455 U.S. 509, 521 (1982) (plurality opinion)
 
 
 [4]
 The United States Supreme Court recently held that "the new provisions of chapter 153 generally apply to cases filed after the [Antiterrorism and Effective Dealh Penalty] Act became effective [April 24, 1996]." Lindh v. Murphy No. 96-6298, 1997 WL 338568, at * 7 (June 23, 1997). Because Mr. Watkins filed his petition with the district court before the effective date of the Act, the amendments to chapter 153 are not applicable in this case
 
 
 [5]
 Watkins was not granted a certificate of appealability on these issues. However, as stated previously, supra note 4, the amendments to chapter 153 included in the Antiterrorism and Effective Death Penalty Act do not apply in this case. Under the law before it was amended, a petitioner was granted a general certificate of probable cause and the issues which could be raised on appeal were not limited by the court
 
 
 [6]
 It is unclear from Watkins' brief whether this is the final claim which is asserted under the heading "Factual Dispute." However, the state has interpreted the claim as one seeking review of the district court's denial of Watkinsnn' request to expand the record and Watkins did not contest this interpretation in his reply brief