**UNITED STATES of America ex rel., Michael ARMSTRONG, Petitioner,**

**v.**

**Rolland BURRIS, Respondent.**

**No. 98 C 3981.**

United States District Court, N.D. Illinois, Eastern Division.

May 7, 1999.

Michael Armstrong, Pontiac, IL, pro se.

Alvin S. Ratana, Assistant Attorney General, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Michael Armstrong, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on various grounds. The respondent moves to deny relief based on procedural default. For the following reasons, the motion is granted in part and denied in part.

### Background

Michael Armstrong was convicted of first-degree murder and sentenced to 50 years in prison following a jury trial in the Circuit Court of Cook County. Mr. Armstrong appealed his conviction and sentence to the Illinois Appellate Court, and his conviction and sentence were affirmed.

The Illinois Supreme Court denied Mr. Armstrong's leave to appeal. Mr. Armstrong then filed a post-conviction petition, claiming that 1) he was illegally arrested and the evidence obtained as a result of his arrest was impermissibly presented at his trial; 2) he was denied effective assistance of counsel during the trial; and 3) the trial court improperly sentenced him. The Circuit Court dismissed the petition, and the Illinois Appellate Court affirmed. The Illinois Supreme Court denied Mr. Armstrong's petition for leave to appeal.

Mr. Armstrong also filed a second post-conviction petition, claiming that he was denied effective assistance of trial and appellate counsel. The Circuit Court dismissed the second petition. Mr. Armstrong filed a motion for late notice of appeal in the Illinois Appellate Court, which was denied. In his habeas corpus petition, Mr. Armstrong claims that 1) his conviction was obtained by evidence obtained in an unlawful arrest; 2) he was denied effective assistance of trial counsel; and 3) he was denied effective assistance of appellate counsel. The respondent moves to deny the habeas corpus petition on procedural grounds.

### The First Two Claims

█ The respondent argues that relief on Mr. Armstrong's first two claims, that he was convicted as a result of unlawfully obtained evidence and that he was denied effective assistance of trial counsel, should be denied under the doctrine of procedural default. When a state court declines addressing a petitioner's federal claim because the petitioner failed to comply with state procedural rules, a federal court is generally barred from reviewing the merits of that claim. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Federal review is denied because the state court's decision rests on an "independent and adequate" state procedural ground for denying relief. *Id.*

█ For a state ground to be considered independent and adequate, however, the state court must "clearly and expressly" rely on that ground, and a federal court will presume that no such ground exists if it is not clear from the face of the opinion. *Coleman,* 501 U.S. at 735, 111 S.Ct. 2546. A federal court should look to the highest state court that provided an explanation. *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir.1990). Mr. Armstrong's counsel in his post-conviction appeal submitted a brief to the Illinois Appellate Court pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), stating that Mr. Armstrong's petition was untimely filed and that there were no arguable bases for relief. The Illinois Appellate Court stated that, after careful review of the record, it concurred in counsel's conclusion. It is unclear whether the court considered the merits of the petition on review and ultimately rested its denial on the lack of merit, or whether it denied the petition as untimely. Therefore Mr. Armstrong has not procedurally defaulted his first two claims. *See U.S. ex rel. Branch–Bey v. Haws,* 1998 WL 525387, *2 (N.D.Ill.1998) ("Although this court has found procedural default in cases where the Illinois Appellate Court has gone on to address the merits of a claim, it has done so only where the Illinois court clearly stated that the final basis for its decision was that the petition was untimely"); *U.S. ex rel. Clark v. McVicar,* 1995 WL 769763, *11 n. 3 (N.D.Ill.1995) (addressing merits of habeas corpus petition where the Illinois Appellate Court dismissed a post-conviction appeal stating that it had reviewed the *Finley* brief and the record and found no issues of arguable merit).

### The Third Claim

█ Mr. Armstrong's third claim is that he was denied effective assistance of counsel on his direct appeal. This claim was raised by Mr. Armstrong in his second post-conviction petition, but not in his first post-conviction petition. Respondent argues that Mr. Armstrong procedurally de-

faulted federal review of this claim by not timely appealing the Circuit Court's denial of his second post-conviction petition to the Illinois Appellate Court. I agree. The Seventh Circuit has held that a petitioner who fails to appeal a post-conviction petition generally defaults those claims for the purposes of habeas corpus review. *Cawley v. DeTella*, 71 F.3d 691, 694–95 (7th Cir.1995).[1] That Mr. Armstrong eventually filed a motion for leave to file a late appeal, which was denied, is of no consequence: "considerations of comity and federalism that underlie our procedural default doctrine include respect for a state's appeal deadlines." *Id.* at 695 n. 8.

■ Mr. Armstrong's procedural default bars federal review of his third claim unless he can establish both cause and actual prejudice, or that failure to review the claim would result in "a fundamental miscarriage of justice." *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir.1997). Mr. Armstrong argues that he did not timely file the appeal to his second post-conviction petition because he was in segregation without access to the prison library, and that by the time he completed the notice of appeal, and a paralegal had reviewed it and returned it to him, the deadline had passed. Assuming that Mr. Armstrong has shown cause, he has not stated how he was actually prejudiced.

■ Instead, Mr. Armstrong argues in his response that failure to review his claim would result in a fundamental miscarriage of justice. To establish a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray*

*v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Actual innocence means that it is more likely than not that no reasonable trier of fact would have found the petitioner guilty. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). In addition, actual innocence means factual innocence rather than legal insufficiency. *Id.* Mr. Armstrong argues that a witness who testified for the state, Charles Peters, had previously accused Mr. Armstrong of aggravated assault.[2] Apparently this information was not presented at trial. Mr. Armstrong argues that the prior accusation shows bias which could have been used to impeach Mr. Peters and raise reasonable doubt in the mind of the jurors. That Mr. Peters previously accused Mr. Armstrong of assault, however, is not relevant to Mr. Armstrong's factual innocence in the murder. Therefore Mr. Armstrong's procedural default bars habeas corpus review of his third claim, ineffective assistance of appellate counsel.

### Conclusion

For the reasons discussed above, the respondent's motion to deny habeas corpus review because of procedural default is denied with respect to Mr. Armstrong's first two claims, that he was convicted as a result of unlawfully obtained evidence and that he was denied effective assistance of trial counsel, and granted with respect to Mr. Armstrong's third claim, that he was denied effective assistance of appellate counsel.

---

1. In addition, it is not clear that an appeal to the Illinois Appellate Court would have been futile with regard to reviewing the merits of Mr. Armstrong's ineffective assistance of appellate counsel claim. The Circuit Court initially noted that the proceeding was barred by the statute of limitations; it then found that Mr. Armstrong's claims regarding trial counsel were barred by res judicata and waiver. Nonetheless the court addressed the merits of those claims. The court then addressed the merits of Mr. Armstrong's claim regarding appellate counsel.

2. In his response, Mr. Armstrong characterizes this evidence as new. In explaining the grounds for his ineffective assistance of appellate counsel claim in his habeas petition, however, Mr. Armstrong states that he had informed his trial counsel of Mr. Peter's previous accusation.